# CASES

IN

# THE SUPREME COURT

## OF ALABAMA.

### JANUARY TERM, 1875.

## Powell *v.* The State.

52 1
129 77

*Indictment for Murder.*

*Threats by deceased ; when admissible in favor of defendant.* — In this case it was held, upon the authority of *Dupree* v. *The State* (33 Ala. 380), that threats made by the deceased, a short time before the commission of the homicide, indicating an angry and revengeful spirit towards the prisoner and a determination to do violence to his person, which were communicated to the prisoner a short time before the killing, are admissible evidence in his favor.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. JAMES S. CLARK.

The appellant, John Powell, was convicted of murder in the second degree for killing one James Winston, and sentenced to the penitentiary for twenty years. On the trial, appellant introduced testimony tending to show that the deceased had come to Powell's house about nine o'clock at night, having gone out of his way to do so, called Powell out to the door and said to him that one of them must die, and on being asked "if he meant it," replied that he did, all the time having his hand in his pocket, whereupon Powell stepped back into the house, got a gun and fired upon Winston, killing him instantly.

After offering this testimony, appellant introduced a witness, one McCullough, who testified that on the morning of the killing he saw deceased with a shot gun, which he said he had obtained for the purpose of killing Powell, and that he would kill him that very day. The witness being unable to dissuade the deceased, communicated the threats to Powell a few hours be-

[Hogg v. State.]

fore the killing, and advised him to be on his guard.  On motion of the solicitor the court excluded the testimony of this witness, and the defendant excepted and now assigns this ruling as error.

H. C. JONES and O'NEAL & O'NEAL, for appellant, cited *Pritchett* v. *The State*, 22 Ala. 40; *Burns* v. *The State*, 49 Ala. 372.

JNO. W. A. SANFORD, Attorney General, *contra*.

BRICKELL, C. J. — The threats to take the life of the accused, made by the deceased, were made on the day of the homicide, and communicated to the accused but a few hours before it occurred.  There was evidence tending to show the deceased had gone out of his way, to the residence of the accused, in the night-time, called him out, and declared one or the other should die.  The accused inquired if he meant what he said, and his reply being affirmative, while his hand was in his pocket, the accused stepped into his house, got his gun, and fired upon deceased, killing him instantly.  The threats were excluded from the jury, as evidence.  They should have been admitted.  The case does not materially differ from that of *Dupree* v. *State* (33 Ala. 380), in which the court ruled, that threats made by the deceased a short time before the commission of the homicide, indicating an angry and revengeful spirit towards the prisoner and a determination to do violence towards his person, which were communicated to the prisoner before the homicide, are admissible as evidence.  That decision is supported by the weight of authority, and compels a reversal of this cause.

The judgment is reversed and the cause remanded.  The prisoner must remain in custody until discharged by due course of law.