# Dent v. The State.

### Indictment for Murder.

1. *Evidence; when irrelevant.*— On a trial for murder, the fact that a witness for the State had been discharged from a plantation, on which the defendant was second foreman, is irrelevant and inadmissible where there is no evidence tending to show that the defendant had anything to do with the witness's discharge; and a question by defendant to said witness eliciting such testimony is properly disallowed.

2. *Same; uncommunicated motive inadmissible.*—Secret uncommunicated motives are always inadmissible in evidence.

3. *Charge to jury; killing for revenge.*—On a trial for murder, a charge that "If the jury believe from the evidence, beyond a reasonable doubt, that defendant killed Carter Williams in revenge of a former wrong, real or imaginary, then the jury must find the defendant guilty," asserts a legal truism and is properly given.

4. *Same; self-defense.*—On a trial under an indictment for murder, a charge which instructs the jury that "before they can acquit the defendant, they must be reasonably satisfied that the defendant shot and killed Carter Williams under an immediate and impending sense of great danger to life or limb, either real or apparent, and that there was no other probable means of escape, and the defendant must not have been the aggressor," is erroneous in that it misplaces the burden of proof.

5. *Same; reasonable doubt.*—There is no error in a charge in a criminal case which instructs the jury that "A doubt to acquit the defendant must be actual and substantial, not mere possibility or speculation. It is not a mere possibility or possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt."

5. *Same; same.*—In a criminal case a charge which instructs the jury that "While the law required the guilt of the accused to be proved beyond a reasonable doubt, it does not require that each fact which may aid the jury in reaching the conclusion of guilt shall be clearly proved, but that on the whole evidence the jury must be able to pronounce that guilt is proved to a moral certainty," is free from error.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant was indicted, and tried for the murder

[Dent v. The State.]

of Carter Williams, and was convicted of murder in the first degree, and sentenced to be hanged.

The testimony for the State tended to show that at night, while the deceased was lying on a bed asleep, the defendant came into the room, and cursing the deceased said, "I have got you now," and then shot him twice with a double barrel shot gun, and that from the effects of the wounds, thus inflicted, the deceased died.

The testimony for the defendant was in direct conflict with that of the State as to the circumstances of the killing, and tended to show that the defendant, who was acting as foreman on a plantation, where he and the deceased lived, went to the house where the deceased was that night, for the purpose of getting a key to lock up the "gear-house;" that as he entered the room with a gun on his shoulder, the deceased grabbed the gun, and in the scuffle it was discharged and shot the deceased; and that upon the deceased drawing a pistol upon him, he, the defendant, shot the other barrel at him. Testimony for the defendant also tended to show that the deceased had previously threatened him, and had on that same night shot at him.

The defendant as a witness in his own behalf offerred to testify that "he went to Mr. Williams' and asked for matches with which to look for the gear-house key," which he had lost. The State objected to this testimony, the court sustained the objection, and the defendant duly excepted. The other ruling upon the evidence is shown in the opinion.

Upon the introduction of all the evidence, the court at the request of the solicitor gave the jury the following written charges, to the giving of each of which the defendant separately excepted: (1.) "If the jury believe from the evidence, beyond a reasonable doubt, that defendant killed Carter Williams in revenge of a former wrong, real or imaginary, then the jury must find the defendant guilty." (2.) "The court charges the jury that before they can acquit the defendant, they must be reasonably satisfied that the defendant shot and killed Carter Williams under an immediate and impending sense of great danger to life or limb, either real or apparent, and that there was no other probable means of escape, and the defendant must not have been the aggressor." (3.) "A doubt to acquit defendant must be

actual and substantial, not mere possibility or speculation. It is not a mere possibility or possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt.'' (4.) ''While the law requires the guilt of the accused to be proved beyond a reasonable doubt, it does not require that each fact which may aid the jury in reaching the conclusion of guilt shall be clearly proved, but that on the whole evidence the jury must be able to pronounce that guilt is proved to a moral certainty.'' (5.) ''The State is not required to prove defendant's guilt beyond all doubt, but only to prove it beyond a reasonable doubt.'' It is not deemed necessary to set out the charges asked by the defendant, and refused by the court.

LEE & LEE, for appellant.

W. C. FITTS, Attorney-General, for the State.—1. The exception to the ruling of the court in declining to allow the defendant to testify as to his motive in going to the house of the deceased, is without merit. A witness can not testify to his secret uncommunicated intentions. *Stewart v. State*, 78 Ala. 436; *Burke v. State*, 71 Ala. 377.

2. The first charge given at the request of the State was clearly the law and needs no comment. The second charge requested by the solicitor was properly given under the following authorities: *Harris v. State*, 96 Ala. 24, *Roden v. State*, 97 Ala. 54; *Keith v. State*, 97 Ala. 32; *Askew v. State*, 94 Ala. 4.

3. The 3d, 4th and 5th charges given at the request of the solicitor are free from error.—*Mose v. State*, 36 Ala. 211; *McAlpine v. State*, 47 Ala. 78.

HARALSON, J.—1. It was shown that defendant was Mr. Drewry's second foreman—of what, is not stated, but it may be inferred—on his plantation, where the defendant worked—one Patterson being foreman—and that Patterson being absent, at the time the defendant shot Williams, the deceased, defendant was in charge. Henry Long, a witness for the State, was asked by defendant, on cross-examination: ''If he had not been discharged from the place, at or about the time of the alleged killing?'' to which the solicitor objected, and the court sus-

tained the objection, and defendant excepted. There was no proof tending to show, and no suggestion of a purpose in asking the question to show, that if the witness had ever been discharged, the defendant had anything to do with it, and, in the manner propounded, the question appears to have been wholly irrelevant, and was properly disallowed.

2. There was no error in not allowing defendant, being under examination as witness for himself, to state why he went to Williams' house. If it was a fact that he went there and asked for matches, that was a fact he might well have deposed to, if pertinent, but what he wanted the matches for, was not proper for him to state, as it was a secret, uncommunicated motive, inadmissible under all our rulings.—*Ball v. Farley*, 81 Ala. 288 ; *E. T. V. & G. R. R. Co. v. Davis*, 91 Ala. 621 ; *Stewart v The State*, 78 Ala. 436.

3. The first charge asked by the State was without error. It was but the announcement of a legal truism.

The second charge is fatally defective in that it misplaces the burden of proof, requiring the defendant to make out a case for the State.— *Wilkins v. The State*, 98 Ala. 1 ; *Gibson v. The State*, 89 Ala. 127 ; *Cleveland v. The State*, 86 Ala. 1 ; *McDaniel v. The State*, 76 Ala. 7.

There was no error in charge 3.—*Owens v. The State*, 52 Ala. 400. Nor was there error in charges 4 and 5. The words *to a moral certainty*, as used in the 4th charge, were a convertible expression for, and means the same thing as, the words, *beyond a reasonable doubt*, as used in the forepart of the charge.—*McKleroy v. The State*, 77 Ala. 97 ; *Owens v. The State*, 52 Ala. 404.

4. The charges asked by the defendant, six in number, were each properly refused. The principles sought to be applied by such charges have been so often condemned, we deem it unnecessary to notice them further.

For the giving of the 2d charge asked by the solicitor, the judgment and sentence of the court below must be reversed.

Reversed and remanded.