# Howard v. The State.

*Indictment for an Assault with Intent to Murder.*

1. *Self-defense; freedom from fault in bringing on the difficulty.*—In order to invoke the doctrine of self-defense, the defendant must be free from fault or wrong-doing which had the effect of provoking or bringing on the difficulty; to be reasonably free from fault is not sufficient, and a charge which so instructs the jury is erroneous and properly refused.

2. *Same; duty to retreat.*—Before a person can strike in self-defense, he must not only be free from fault in bringing on the difficulty, but there must be no reasonable means of retreat; and a charge which postulates the defendant's duty to retreat upon his "reason to believe" that he is in great danger, is erroneous and properly refused, since a reason to believe is not the equivalent of reasonable belief of great danger, which will justify striking in self-defense under the proper conditions.

3. *Same; same; charge to the jury.*—A charge which instructs the

jury that they must not merely believe that the defendant "had an opportunity and means of retreat to avoid the difficulty, but they must also believe from the evidence beyond a reasonable doubt, that the defendant had no reasonable grounds to suppose that in retreating he would be in greater danger," is erroneous as misplacing the burden of proof, and ignoring the fault of the defendant in bringing on the difficulty.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. W. S. THORINGTON.
The appellant was indicted for an assault with intent to murder one Ike Micou, and was convicted of an assault and battery, and fined $140.

The evidence for the State, as shown by the bill of exceptions, tended to show that Ike Micou, while riding along a neighborhood road, towards his dwelling, stopped in front of the house of the defendant and called out the latter, and had a conversation with him, which resulted in a quarrel; that upon Micou riding away, the defendant called him back and invited him to fight; that thereupon Micou dismounted from his mule, and immediately defendant fired upon him with a pistol, wounding him. The State also proved that Micou was unarmed, and made no hostile or threatening demonstrations towards the defendant.

The evidence for the defendant tended to show that bad feeling existed between Micou and himself, and that on the day of the shooting Micou called the defendant out to his gate and commenced abusing him, and that just as Micou rode off, the defendant came out of his yard into the road; that Micou stopped his mule, dismounted, started back towards the defendant, cursing him and threatening to whip him; that when Micou was within a few steps of the defendant and continuing to advance, he thrust his hand in the direction of his hip pocket, and that thereupon the defendant drew a pistol and fired.

This being substantially all the evidence in the cause, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2) "The law does not require a person who is assaulted, and who has been reasonably free from fault in bringing on the difficulty, to retreat when, from the circumstances of the case, he has reason to believe that he is in great

[Howard v. The State.]

danger of life and limb from his assailant, and that to retreat would expose him to greater danger to life and limb than to meet and resist his assailant." (3.) "The jury must not merely believe that the defendant had an opportunity and means of retreat to avoid the difficulty, but they must also be ieve from the evidence, beyond a reasonable doubt, that the defendant had no reasonable grounds to suppose that, in retreating, he would more greatly endanger his life and limb from his assailant, than by standing and meeting his attack, if the jury believe from the evidence that defendant was attacked."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— A reason to believe is not the equivalent of a "reasonable apprehension" or a reasonable belief; and a charge containing this expression is properly refused.—*Harrison v. State*, 78 Ala. 9; *Wills v. State*, 73 Ala. 362; *Mitchell v. State*, 60 Ala. 27; *Cross v. State*, 63 Ala. 41; *Bain v. State*, 70 Ala. 4.

HARALSON, J.—1. The second charge asked by defendant was properly refused. In order to invoke the doctrine of self-defense, the law requires that defendant should have been free from all fault or wrongdoing which had the effect to provoke or bring on the difficulty. To be reasonably free from fault is not sufficient.—*McQueen v. The State*, 103 Ala. 13; *Johnson v. The State*, 102 Ala. 3. Again, the duty of retreat cannot be postulated, as in the charge, upon the defendant's reason to believe that he is in great danger. His reason to believe is not the equivalent to reasonable belief. A reasonable belief, begotten by attendant circumstances fairly creating it and honestly entertained, will justify a homicide under proper conditions. An irrational belief, however honestly entertained, will not answer.— *Oliver v. The State*, 17 Ala. 587; *Harrison v. The State*, 24 Ala. 67; *Holley v. The State*, 75 Ala. 14; *Naugher v. The State*, 105 Ala. 26; *Compton v. The State*, ante, p. 24.

The third charge requested by defendant was also erroneous under the evidence in the case. The burden was on the defendant to show that there was a necessity to take life, or that the circumstances were such as to

[Sullivan v. The State.]

impress on the mind of a reasonable person a reasonable belief that there was such a necessity, and that there was no reasonable mode of retreat. It misplaces the burden of proof, and ignores fault of defendant in bringing on the difficulty, which the State introduced evidence tending to show. By the use of the word, "*no*," in the expression, "had *no* reasonable grounds to suppose" &c., the charge removes the requirement of proof as to the necessity of retreating, and throughout is a confused and misleading instruction.—*Naugher's* and *Compton's Cases, supra*; *Dent v. The State*, 105 Ala. 14; *Wilkin's Case*, 98 Ala. 1; *Gibson v. The State*, 89 Ala. 121.

There is no error in the record, and the judgment is affirmed.