# Hendricks *v.* The State.

*Indictment for Assault with Intent to Murder.*

1   *Assault with intent to murder; charge as to self-defense.*—On a
    trial under an indictment for murder, where the defendant
    claims to have acted in self-defense, a charge which instructs
    the jury that the burden of proving that the defendant was
    the aggressor is upon the State, "and if in reference to the fact
    there be no testimony, or if the testimony be not sufficient to
    satisfy the jury beyond a reasonable doubt that the defendant
    was in fact the aggressor, then they must acquit him," is
    erroneous and properly refused, in that it ignores all refer-
    ence to the existence of impending peril to life or limb, or
    great bodily harm and an opportunity to retreat.

2.  *Same; same.*—In such a case a charge which instructs the
    jury that if they did not believe beyond a reasonable doubt
    that the said defendant was at fault in bringing on the diffi-
    culty and could not have escaped without increasing his dan-
    ger, or have avoided the impending peril by retreat, with
    reasonable prospects of safety, is erroneous and properly re-
    fused; since, if the defendant was at fault in bringing on the
    difficulty, the question of his opportunity to retreat was im-
    material.

3.  *Same; same.*—In such a case, a charge which places upon
    the State the burden of proving that there was no necessity
    to strike, inasmuch as there was a reasonable means of es-
    cape, is erroneous and properly refused.

4.  *Same; same.*—In such a case, a charge which instructs
    the jury that they must acquit the defendant if they "believe
    that he was free from fault in bringing on the difficulty, and
    that he had no mode of escape without being subjected to
    present impending danger, real or apparent, to life, limb, or
    grievous bodily harm," is erroneous and properly refused.
    Such instruction is not the equivalent of a statement that the
    defendant was under no duty to retreat unless he could do so
    safely or without increasing his peril.

5.  *Same; same.*—In such a case, where there was evidence
    introduced by the defendant tending to show that before the
    defendant fired upon the person assaulted, the latter, who was

in the door of his house, drew his gun on him and snapped it at him, a charge is erroneous and properly refused which instructs the jury that it was necessary for a conviction that the State should prove beyond a reosonable doubt that the person assaulted did not have his gun when he went to the door of his house and did. not snap his gun at the defendant.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant was indicted, tried and convicted for an assault with intent to murder, and was sentenced to the penitentiary for two years.

On the trial of the case, the evidence for the State tended to show that one night, within a year from the finding of the indictment, the defendant went to the house of Tom Stephens in Calhoun county, and spoke to the said Stephens; that the defendant was very abrupt in his manner, and that when the said Stephens went to the door and opened it, the defendant had a gun in his hand, and upon Stephens commenting on his having said gun, the defendant fired upon him.

The testimony for the defendant tended to show that upon the defendant coming up to the house of Stephens, they got into a quarrel, and Stephens went to the door with his gun in his hand and leveled it at the defendant, snapped it and that as Stephens snapped a second time, defendant fired upon him.

The court refused to give to the jury, at the request of defendant, the following written charges; and the defendant separately excepted to the court's refusal to give each of them as asked: (A.) "The court charges the jury that the burden of proving that the defendant was the aggressor, or that he provoked or encouraged the difficulty, rests upon the State, and if in reference to the fact there be no testimony, or if the testimony be not sufficient to satisfy the jury beyond a reasonable doubt that the defendant was in fact the aggressor, then they must acquit him." (B.) "The court charges the jury that in determining the question of the intent of Lee Hendricks to murder Tom Stephens they may look to the fact, in connection with all the other evidence, that he (Lee Hendricks) did not shoot Tom Stephens the second time,

or make any further demonstrations against the life of said Stephens after the firing of the first shot by him." (C.) "The court charges the jury that if Tom Stephens presented his gun at defendant and snapped the same at him once or twice, then the defendant would have the right to act upon such apparent danger, and return the fire, if the jury do not further believe beyond a reasonable doubt that the said defendant was at fault in bringing on the difficulty, and could not have escaped without increasing his danger, or have avoided the impending peril by a retreat, with reasonable prospects of safety." (D.) "In order to convict the defendant in this case and to deprive him the protection of the doctrine of self-defense the State must prove beyond reasonable doubt each and all of the following propositions: 1. That the alleged crime was committed in this county. 2. That it was committed by the defendant with the intent unlawfully and maliciously to kill Tom Stephens. 3. That to constitute the intent to unlawfully and maliciously kill said Stephens in this particular case, (a.) The defendant must have been at fault in bringing on the difficulty. (b.) There must not have existed at the time of the difficulty, either really or so apparently as to lead a reasonable mind to the belief that it actually existed, a present, imperious, impending necessity to shoot in order to save his life, or to save himself from grievous bodily harm. (c.) There must have been no other reasonable mode of escape by retreat or by avoiding the combat with safety." (E.) "If from the evidence the jury believe that defendant was going home along a path or road through Jones' field, and which ran within a few steps of Tom Stephens' house, and on arriving at Stephens' house called to him and said: 'Hello, Uncle Tommie, aint it about time you was gone to bed,' and that Stephens thereupon replied to defendant in an insulting manner, and came to the door with a gun, and snapped said gun at defendant, they must acquit the defendant, if they further believe that he was free from fault in bringing on the difficulty, and that he had no mode of escape without being subjected to present, impending danger, real or apparent, of life, limb, or grievous bodily harm." (F.) "Before the jury

can convict the defendant, the minds of the jury must be satisfied, by the evidence in this case, beyond any reasonable doubt, and that the evidence must exclude to a moral certainty every other reasonable hypothesis or rational conclusion, that Tom Stephens did not have his gun when he came to the door of the house, and did not snap said gun at defendant, if they further believe from the testimony that defendant was free from fault in bringing on the difficulty, and that he could not escape without a present, impending danger to life or limb or grievous bodily harm."

HARVEY D. EMERSON and H. D. McCARTY, for appellant.—The charges requested by the defendant and refused by the court should have been given.—*McCormack v. State*, 102 Ala. 163; *McDaniel v. State*, 76 Ala. 1; *Cleveland v. State*, 86 Ala. 1; *Wilkins v. State*, 98 Ala. 1.

CHAS. G. BROWN, Attorney-General, for the State. The charges requested by the defendant, which the court refused to give, asserted erroneous propositions of law, and were, therefore, correctly refused.—*Stoball v. State*, 116 Ala. 460; *Bell v. State*, 115 Ala. 39; *McDaniel v. State*, 97 Ala. 14; *Prior v. State*, 77 Ala. 56; *Jackson v. State*, 78 Ala. 471; *Jackson v. State*, 94 Ala. 85; *Scoggins v. State*, 120 Ala. 369; *Nabors v. State*, 120 Ala. 323.

HARALSON, J.—Charge A requested by defendant and refused was an incorrect instruction, certainly for the reason that it ignores reference to present impending peril to life or great bodily harm, real or apparent, and opportunity to retreat.—*Naugher v. The State*, 105 Ala. 29; *Howard v. The State*, 110 Ala. 92.

Charges C, D, E and F were each erroneous instructions. The one marked C, in its last hypothesis, after having stated the first as a basis therefor, when properly construed means, as if it read: "If the jury do not further believe beyond a reasonable doubt, (both) that the said defendant was at fault in bringing on the difficulty, and (also that he) could not have escaped without increasing his danger," etc. If the defendant was at fault

in bringing on the difficulty, and the jury should have so believed, there remained no necessity for proof, or the belief of facts proved, as further hypothesized in the charge, touching the duty of retreat. He could not be heard to urge, in his own justification, a necessity for the killing which was produced by his own wrongful act. The charge exacted too high a degree of proof.—*Boulden v. The State*, 102 Ala. 79; *Storey v. The State*, 71 Ala. 329.

Charge D misplaces the burden of proof, in that it requires the State to disprove, beyond reasonable doubt, some of the elements of self defense, the burden of proving which was on the defendant. There exists no necessity for a repetition of the rule on this subject so frequently laid down by us.—*Scoggins v. The State*, 120 Ala. 369; *Linehan v. The State,* 113 Ala. 70, 84; *Compton v. The State*, 110 Ala. 24, 37; *Howard v. The State,* 110 Ala. 92; *Miller v. The State,* 107 Ala. 41; *Naugher v. The State,* 105 Ala. 29; *Holmes v. The State,* 100 Ala. 80.

Without further criticising charge E, or passing on its merits otherwise, it is sufficient to say for its condemnation, that the expression, "without being subjected to present impending danger, real or apparent," etc., where it occurs in the latter part of said charge is not the equivalent of a statement, that defendant was not under duty to retreat, unless he could do so safely, or without increasing his peril.

Charge F, required the State to prove beyond reasonable doubt as a condition for conviction, that Stephens, the party assaulted, did not have his gun when he went to the door of his house and was shot, and did not snap his gun at defendant. No such burden rested on the State.

Let the judgment and sentence of the court below be affirmed.

Affirmed.