# Harkness *v.* The State.

*Indictment for Murder.*

1. *Homicide; admissibility of evidence of threats.*—On a trial under an indictment for murder, where the evidence is in conflict as to whether the defendant shot the deceased in self-defense, previous threats of personal violence made by the

deceased against the defendant a short time before the killing and which were brought to the latter's knowledge, may be shown in evidence.

2. *Same; same; facts of former difficulty inadmissible.*—On a trial under an indictment for murder, where there is evidence for the defendant tending to show that the fatal blow was struck in self-defense, and there was testimony introduced tending to show that a few days before the killing the deceased said to the defendant that he intended to kill him, it is not competent for defendant to further prove that at the time the deceased made said threat he had a knife open in his hand and was walking towards the defendant in a threatening manner. (SHARPE and DOWDELL, JJ., *dissenting*.)

3. *Same; res gestae; admissibility of evidence.*—On a trial under an indictment for murder, what the defendant stated to friends about the circumstances of a previous difficulty he had with the deceased and the statements made by him after the killing of the deceased to the effect that the latter attacked him before he fired the fatal shot, constitute no part of the *res gestae* of the occurrences referred to and are inadmissible in evidence.

4. *Same; charge to the jury.*—On a trial under an indictment for murder, where the evidence shows that the defendant shot the deceased with a gun, from the effects of which wound the deceased died, a charge is free from error which instructs the jury that "If the deceased died from the effects of a wound inflicted by a gun in the hands of the defendant, and such wound was intentionally inflicted, in pursuance of a previously formed design to take life, he would be guilty of murder."

5. *Same; same.*—On a trial under an indictment for murder, where the defendant sets up self-defense, it is not reversible error to give at the request of the State a charge which instructs the jury that "before the jury can acquit the defendant on the ground of self-defense three essential elements must be occur: First, the defendant must be without fault in bringing on the difficulty and must be disregardful of the consequences in this respect of any wrongful act or words; second, there must have existed at the time, either really or apparently as to lead a reasonable mind to the belief that it actually existed, a present imperious, impending necessity to shoot in order to save himself from great bodily harm; third, and there must have been no other reasonable mode of escape by retreat or by avoiding the combat with safety;" the misleading tendency of the charge not being available to require a reversal.

[Harkness v. The State.]

6. *Same; charge as to presumption of malice in use of deadly weapon.*—On a trial under an indictment for murder, a charge is free from error which instructs the jury that "in cases of homicide the law presumes malice from the use of a deadly weapon and casts on the defendant the onus of repelling the presumption unless the evidence proving the killing shows also that it was perpetrated without malice, and whenever malice is unrebutted by the circumstances of the killing, or by other facts in evidence, there can be no conviction for any less degree of homicide than murder."

7. *Same; same.*—In such a case, a charge asserts a correct proposition of law which instructs the jury that "if the defendant in Greene county and before the finding of this indictment purposely killed the deceased Sandy Walker by shooting him with a gun with a wickedness or depravity of heart towards the deceased, and the killing was determined on before hand and after reflection (for however short a time before the fatal shooting was done is immaterial) the defendant is guilty of murder."

8. *Same; charge as to self-defense.*—On a trial under an indictment for murder, where the defendant claimed to have acted in self-defense, a charge is erroneous and properly refused at the request of the defendant which instructs the jury that "If the jury are not satisfied from the evidence in this case, beyond a reasonable doubt, that the defendant did not act in self-defense when he shot" the deceased, the jury must acquit the defendant; such charge pretermitting a consideration by the jury as to the defendant's freedom from fault in bringing on the fatal difficulty and the other ingredients of self-defense.

9. *Same; charge to the jury.*—On a trial under an indictment for murder, where the evidence for the State tended to show that at the time of the killing the deceased was standing in his doorway, and the evidence for the defendant tended to show that at the time he was killed the deceased was in his yard walking towards the defendant, charges which predicate defendant's acquittal upon the jury's failure to believe beyond a reasonable doubt that the deceased was standing in his door or on his front gallery at the time of the shooting, are erroneous and properly refused.

10. *Argumentative* charges are properly refused.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. G. B. MOBLEY, Special Judge.

The appellant, George Harkness, was indicted and

tried for the murder of Sandy Walker, was convicted of murder in the second degree and sentenced to the penitentiary for thirty-five years.

The tendency of the testimony on the part of the State and upon the part of the defendant, respectively, is sufficiently stated in the opinion.

Mimy Walker, a witness for the State, testified that the deceased was standing in his doorway at the time he was killed by the defendant. Other witnesses for the State testified that the deceased was standing in his doorway or on his front porch at the time the defendant fired the fatal shot.

The evidence for the defendant tended to show that at the time of the shooting the deceased was in his yard walking towards the defendant with a rail lifted in a threatening manner, as if about to strike the defendant.

The defendant, as a witness in his own behalf, offered to testify that a few minutes after the shooting occurred, he went to Mr. Carpenter's house, a short distance from where the deceased was shot, and that going to the house he stated to those present that the deceased was advancing upon him with a rail at the time the shot was fired. The State objected to this evidence on the ground that it was illegal, irrelevant and immaterial. The court sustained the objection and the defendant duly excepted. There was other evidence sought to be introduced by the defendant as to what the defendant had said in reference to the first difficulty with the deceased, when the deceased drew his knife upon him and said that he expected to kill him; but upon the State objecting to this testimony upon the ground that it was irrelevant, immaterial and illegal, the court sustained the objection. To this ruling the defendant duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant separately excepted to the following portion of the court's charge to the jury: "If the deceased died from the effects of a wound inflicted by a gun in the hands of the defendant, and such wound

was intentionally inflicted, in pursuance of a previously formed design to take his life, he would be guilty of murder." The court at the request of the State gave to the jury the following written charges: (A.) "The court charges the jury that in cases of homicide the law presumes malice from the use of a deadly weapon and casts on the defendant the onus of repelling the presumption unless the evidence proving the killing shows also that it was perpetrated without malice, and whenever malice is rebutted by the circumstances of the killing, or by other facts in evidence, there can be no conviction for any less degree of homicide than murder." (B.) "The court charges the jury that before the jury can acquit the defendant upon the ground of self-defense three essential elements must concur: First, the defendant must be without fault in bringing on the difficulty and must be disregardful of the consequences in this respect of any wrongful act or words; second, there must have existed at the time, either really or apparently as to lead a reasonable mind to the belief that it actually existed a present imperious, impending necessity to shoot in order to save himself from great bodily harm; third, and there must have been no other reasonable mode of escape by retreat or by avoiding the combat with safety." (C.) "The court charges the jury that if the defendant in Greene county and before the finding of this indictment purposely killed the deceased, Sandy Walker, by shooting him with a gun with a wickedness or depravity of heart towards the deceased, and the killing was determined on beforehand and after reflection (for however short a time before the fatal shooting was done is immaterial) the defendant is guilty of murder." (D.) "The court charges the jury that the State is not required to prove the defendant's guilt beyond all doubt, but only beyond a reasonable doubt." To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "In this case, if the testimony of the witness Mimy Walker so conflicts with the testimony of the

[Harkness v. The State.]

defendant, George Harkness, as that both witnesses can not have spoken the truth, then it is the duty of the jury to say which witness spoke truthfully and which falsely; and in determining that question, the jury is authorized to ascertain which witness is corroborated by the other evidence in the case and which witness is contradicted by the other evidence in the case." (2.) "Unless the jury believe from the evidence beyond a reasonable doubt that Sandy Walker was shot by the defendant while said Sandy Walker was standing in his door or on the gallery in front of his door, then the jury must acquit the defendant." (3.) "Unless the jury believe from the evidence in this case and beyond a reasonable doubt that Sandy Walker was standing in his door when he was shot by the defendant, then the jury should acquit the defendant." (4.) "If the jury after considering all the evidence in this case, have a reasonable doubt as to whether Sandy Walker was standing in the door of his house or was in his yard at the time he was shot then the jury should acquit the defendant." (5.) "If the jury are not satisfied from the evidence in this case beyond a reasonable doubt that defendant did not act in self-defense when he shot Sandy Walker the jury must acquit the defendant."

DeGraffenried & Evins and John McKinley, for appellant.—The statements made by the defendant shortly after the killing that at the time he shot the deceased the latter was coming upon him with a big rail, was a part of the *res gestae* and should have been allowed in evidence.—21 Am. & Eng. Ency. of Law (1st ed.) 114; *Brunette v. State*, 12 Tex. App. 521; *Little v. Commonwealth*, 25 Gratt. (Va.) 921; *Griffin v. State*, 40 Tex. Cr. App. 312; *Smith v. State*, 52 Aa. 407; *Gandy v. Humphries*, 35 Aa. 617.

The evidence sought to be introduced by the defendant showing that at the time the deceased stated to the defendant, a few days before the homicide that he was going to kill him, the deceased advanced upon the de-

fendant in a threatening manner with a knife in his. hand as if to strike, should have been admitted. It. is not only the threat, but also its gravity that may be proven. The proof offered simply showed the threat, accompanied by such acts on the part of the deceased as. indicated that the threat was not a mere idle state-- ment, but a grave one.—*Gray v. State,* 63 Ala. 66; 9 Am. & Eng. Ency. of Law (1st ed.) 672-676; *Walker v. State,.* 63 Ala. 105; *McAnally v. State,* 74 Ala. 9; *Dupree v.. State,* 33 Ala. 380.

The charges requested by the defendant asserted cor- rect propositions of law as applicable to the present case, and should have been given by the court.—*Lewis. v. State,* 88 Ala. 11; *McKee v. State,* 82 Ala. 32; *Gross. v. State,* 63 Ala. 40.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—As to whether the defendant or the deceased was the assailant in the encounter which re- sulted in the homicide, the evidence was conflicting. Testimony for the State tended to prove that the kill- ing was done willfully and even without provocation.. Evidence adduced by the defendant tended to show that the deceased when he was shot had while threatening to kill the defendant approached with an uplifted rail to within a few feet of him and that the defendant was then standing in a road, the exit from which was partially obstructed by a fence, a gate and a pile of plank. This conflict in evidence involved a question for the jury of the defendant's right to shoot in self- defense. In such cases, previous threats of personal vio- lence, recently made by the person killed, against and brought to the knowledge of his slayer, may be shown in evidence.—*Dupree v. State,* 33 Ala. 380; *Powell v. State,* 52 Ala. 1; *Pritchett v. State,* 22 Ala. 39.

In this case testimony was introduced to effect that a few days before killing the deceased said to the defend- ant: "I intend to kill you." The court then excluded evidence offered by the defendant tending to prove that at the time he made that threat the deceased had an:

[Harkness v. The State.]

open knife in his hand, was walking rapidly toward the defendant and was within a few feet of him. The writer and Justice DOWDELL are of the opinion that this evidence was competent and its exclusion was error. The reason for admitting evidence of such previous threats is that they may reasonably have induced the belief on the part of the slayer that his assailant had determined to kill him or do him great bodily harm and consequently that there was a necessity to act in self-defense. The reason applies to threatening conduct as well as to threatening words, for actions may be even more significant of an intention to do violence than are mere words. It seems the established rule which excludes particulars of a former difficulty when offered to show malice as actuating a defendant to commit a crime or as biasing a witness' testimony ought not to be applied here.—See 2 Bish. Crim. Pro., § 610 and note 2; 3 Green. Ev., note 4 to § 116. In *Rutledge v. State,* 88 Ala. 85, and *Jones v. State,* 116 Ala. 468, references are made to this rule among the reasons given for excluding testimony relating to previous acts of aggression by the deceased, but since neither of these cases involved self-defense it seems they should not be taken as authorities on the present question. A majority of the court hold that those cases are here in point; that the inconvenience of trying the multiplication of issues that might have arisen from allowing evidence of the previous assault with a knife, outweighs the value of such evidence and justifies its exclusion. From that conclusion the writer and Justice DOWDELL dissent.

What the defendant said to others about the circumstances of the first difficulty, and likewise his statements made after the killing to effect that deceased attacked him on that occasion with a rail, were no part of the *res gestae* of those occurrences and their admission would have violated the rule which prohibits a party to make evidence for himself by his mere declarations.

In the part of the oral charge excepted to and in the giving and refusal of requested charges there is no

reversible error. It is not clear what is meant by that part of charge "B" which, after stating freedom from fault as a condition necessary to establishing self-defense, asserts as a further condition that the defendant "must be disregardful of the consequences in this respect of any wrongful act or words." The subsequent parts of that charge were approved in *Wilkins v. State*, 98 Ala. 1. The first part including the clause quoted is as easily susceptible of a construction favoring the defendant as the prosecution. Its defect is only in a tendency to mislead, and that vice being one which might have been cured by an explanatory charge had it been requested, is not available to reverse the judgment.

Charges A and C correctly state the law with reference to the presumption of malice which the law raises from the use of a deadly weapon, and the effect of malice in making a homicide at least murder in the second degree, in which offense premeditation is not a necessary ingredient.—*Wilkins v. State*, 98 Ala. *supra*.

Of the charges requested by defendant charge 1 was argumentative, and charge 5 is bad in that it pretermits the consideration that to be in position to invoke the doctrine of self-defense the defendant must have been without fault in bringing on the fatal encounter.—*McLeroy v. State*, 120 Ala. 274. Besides being himself free from fault as above stated, the defendant to be entitled to acquittal on the ground of self-defense, must have found a necessity real or apparent for firing the fatal shot as a means of averting grievous bodily harm to himself, and also he must have retreated, if by retreat he could have avoided killing the deceased without materially increasing his own danger.—*Evans v. State*, 120 Ala. 269; *Henson v. State, Ib.* 336; *Teague v. State, Ib.* 309; *Hendricks v. State*, 122 Ala. 42; *Naugher v. State*, 105 Ala. 29; *Howard v. State*, 110 Ala. 92.

Charges 2, 3 and 4 are patently bad.

According to the majority opinion the judgment will be affirmed.

SHARPE and DOWDELL, JJ., dissenting.