# Longmire *v.* The State.

*Indictment for Murder.*

1. *Organization of petit jury; mistake in name of juror not sufficient to quash venire.*—In the organization of a petit jury to try a capital case, a mistake in the name of a juror, either in the venire or in the list served on the defendant, is not sufficient cause to quash the venire.

2. *Same; when objection comes too late.*—In the trial of a capital case, a motion made to quash the venire, after the jury to try the defendant has been organized and the State has put the case to the jury, comes too late and should not be considered by the court.

3. *Evidence; effect of general objection to question.*—When a question calls for both legal and illegal evidence, a general objection to such question is properly overruled.

4. *Same; when irrelevant evidence admissible in rebuttal.*—When irrelevant evidence has been introduced by the State in a trial of a criminal case, the defendant may introduce in rebuttal other evidence relating to the same subject matter, though it be in itself irrelevant and inadmissible.

APPEAL from Circuit Court of Monroe.

Tried before the Hon. John C. ANDERSON.

The appellant, Joe Longmire, was indicted and tried for the murder of Cap Blunt, was convicted of manslaughter in the first degree, and sentenced to the penitentiary for ten years.

After the trial was entered upon and after the jury to try the defendant had been impannelled and the case had been put to the jury, by the State, the defendant moved the court to quash the venire, upon the ground that a copy of the venire served upon the defendant was not a true copy of the original in that upon the original the name of one of the jurors appeared as George Loley, and upon the copy the name appeared as George Boly. The court overruled this motion, and the defendant duly excepted.

In the course of the trial the defendant introduced as a witness one McNeil, who testified to the good character of the defendant in the community where he lived

[Longmire v. The State.]

for peace and quiet. Upon the cross examination of this witness he was asked by the solicitor for the State the following question: "If the defendant and the deceased had not had a difficulty about two weeks before the homicide, and if defendant had not, at the time, struck the deceased on the head with a hoe?" The bill of exceptions recites that to this "question the defendant objected, said objection was overruled by the court and the defendant excepted." Upon the witness answering said question in the affirmative, the defendant in rebuttal asked the witness the following question: "If deceased did not bring on the difficulty at the time he was struck with the hoe by attacking the defendant in his (defendant's) house?" The State objected to this question, the court sustained the objection, and the defendant excepted. These are the facts relating to the only questions presented for review on the present appeal.

HYBART & BAREFIELD, for appellant, cited *Com. v. Chapman*, 65 Mass. 422; 4 Amer. & Eng. Encyc. of Law, 762; *Kilgore v. Kilgore*, 124 Ala. 26.

CHAS. G. BROWN, Attorney-General, for the State. cited *Harrison v. State*, 78 Ala. 12; *Garrett v. State*, 76 Ala. 21; *McAnally v. State*, 74 Ala. 9; *Gray v. State*, 63 Ala. 66; *Jones v. State*, 116 Ala. 468; *Harkness v. State*, 129 Ala. 71.

DOWDELL, J.—A mistake in the name of a juror, either in the *venire* or in the list served on the defendant. is not sufficient cause to quash the venire.—Code of 1896, §5000; *Kimbrell v. State, ante* p. 40, and authorities there cited. Moreover, the objection was not made until after the jury of twelve to try the case had been selected and sworn. The objection came too late for any purpose.

The objection to the question asked by the solicitor on the cross-examinaton of the defendant's witness Mc-Neil, was general without stating any ground and went to the interrogatory in its entirety. The question called for both legal and illegal evidence. So far as showing

a prior difficulty between the defendant and deceased, it was proper and legal for the purpose of showing ill will or malice. But it was improper and illegal wherein it sought to elicit the particulars of such prior difficulty.—*Harrison v. State*, 78 Ala. 12; *Garrett v. State*, 76 Ala. 21; *McAnally v. State*, 74 Ala. 9; *Gray v. State*, 63 Ala. 66; *Jones v. State*, 116 Ala. 468; *Harkness v. State*, 129 Ala. 71.

The trial court cannot be put in error by its ruling on a general objection to an interrogatory which calls for evidence partly legal and partly illegal, any more than on a general objection to evidence which is legal in part and illegal in part, without specifying the illegal. *Borland v. Walker, et al.*, 7 Ala. 269; *Donnell v. Jones*, 13 Ala. 505; *Henry v. Hall*, 106 Ala. 86.

The question to which this general objection was made brought out evidence as to particulars of the prior difficulty inquired about, although this part of the evidence relating to the prior difficulty was illegal, the State having so introduced it, entitled the defendant upon a rebuttal examination of such witness to show *all* of the particulars of such prior difficulty, under the rule of allowing illegal evidence to be rebutted by illegal evidence.—*Morgan v. State*, 88 Ala. 224; *Sharp v. Hall*, 86 Ala. 110; *Ford v. State*, 86 Ala. 385; *Gandy v. State*, 85 Ala. 20; *Gordon v. State*, 129 Ala. 113.

The court erred in not permitting defendant's question to the witness McNeil, which called for evidence in rebuttal of that drawn out by the State. For this error the judgment must be reversed and the cause remanded.

*Indictment for Murder.*

