## HARRIS v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. October 30, 1925.)

No. 4663.

**1. Indictment and information ⊂⇒125(20), 130 —Indictment held not subject to motion to quash or demurrer for misjoinder.**

Under Rev. St. § 1024 (Comp. St. § 1690), an indictment with counts each charging violation of Criminal Code, § 117 (Comp. St. § 10287), either in that accused, federal prohibition agent, accepted a bribe, or offered to ac-

*Rehearing denied December 14, 1926.

cept a bribe, with intent to have his official conduct influenced, was not subject to motion to quash or demurrer, on ground that it improperly joined different offenses in separate counts, or that it joined different offenses not connected or growing out of the same act or transaction.

**2. Bribery ⊂⇒10—Testimony as to plan by accused to take money from liquor law violators held competent to show intent.**

In prosecution for accepting bribes, under Criminal Code, § 117 (Comp. St. § 10287), testimony of conversation between witness and accused tending to prove plan by accused to take money from liquor law violators while acting as a prohibition agent, which occurred about 20 days before accused started to take such money, was competent as supporting inference that taking of money, claimed by accused to be without criminal intent, was in pursuance of previously formed plan, and was accompanied by intent to have official conduct influenced thereby.

**3. Criminal law ⊂⇒656(2)—Statement by court that it would not be lenient with defendant, after violation by defendant of court's order to make answers responsive to questions, held not abuse of discretion.**

In prosecution, under Criminal Code, § 117 (Comp. St. § 10287), for accepting bribes, where accused continuously made statements not responsive to questions asked after warning by court, a further statement by court that it would not be lenient with defendant was not an abuse of discretion, in view of court's power to control examination of witness.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Hardie C. Harris, alias H. C. Harris, was convicted of accepting a bribe, or offer to accept a bribe, with intent to have official conduct influenced, and he brings error. Affirmed.

Alexander C. Birch, of Birmingham, Ala. (Weatherly, Birch, McEwen & Hickman, of Birmingham, Ala., on the brief), for plaintiff in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER, FOSTER, and BRYAN, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error was convicted on 11 of the 21 counts of the indictment, each charging a violation of section 117 of the Criminal Code (Comp. St. § 10287), either in that the accused, while a federal prohibition agent, accepted a bribe, or offered to accept a bribe with intent to have his official conduct influenced in stated proceedings pending before him in his official capacity. The several offenses charged were

alleged to have been committed on dates stated; the earliest on February 15, 1924, and the latest on May 10, 1924. Before the accused was arraigned, the court overruled a motion to quash the indictment and a demurrer thereto, on the grounds that it improperly joined different offenses in separate counts, and that it joined different offenses or crimes not connected nor growing out of the same act or transaction.

[1] The statute (R. S. § 1024 [Comp. St. § 1690]) permits the joining in one indictment in separate counts of charges against any person for two or more acts or transactions of the same class of crimes or offenses. The indictment against the accused shows upon its face that the several offenses charged are of the same class or grade of crimes, and it did not disclose that the charges made could not be properly joined. Both the motion and the demurrer challenged the indictment as a whole. Neither the one nor the other invoked the exercise by the court of its discretion to require the government to elect certain counts on which it would seek conviction, on the ground that a trial on all the charges made would prejudice the accused or unduly embarrass him in making his defense. The indictment as a whole was not subject to be quashed or to a demurrer on the above-mentioned grounds. Williams v. United States, 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509; Milner v. United States (C. C. A.) 293 F. 590; Gardes v. United States, 87 F. 172, 30 C. C. A. 596.

[2] Over objections by the accused, the court permitted W. B. Seales to testify as to statements made to him by the accused on January 26, 1924. After stating that he met the accused on a train, and that he had a conversation with the accused, which the latter volunteered, the witness testified as follows:

"He said he had a question he wanted to ask me. I said, 'All right.' He said he wanted me to tell him how he could make some money. I told him I could not tell him. 'I don't know what you are talking about.' And he said, 'Well, you know, everybody is grafting; the job don't pay much.' And he said, 'I want you to put me next.' I said, 'I don't know what you are talking about; I could not do a thing like that.' Really, I didn't know what he meant, and don't know what he meant until yet— And he says, 'Well, tell me this,' he said, 'if you was going to accept money, who would you accept it from, the liquor maker, the liquor runner, or the bootlegger?' I said, 'I could not advise you; if I was going to advise you, I would advise

you to lay off of that stuff, because it will get you in bad.' That was about all that was said."

The witness also stated that he was a federal prohibition agent prior to the time of that conversation, but not at that time, and that he again became a federal prohibition agent after the accused left the service. The above set out testimony tended to prove that at the time of the alleged conversation the accused was planning to get for himself money from law violators with whom he might be brought into contact while acting in his official capacity. It supported an inference that he then had the intention to accept bribes to influence his official action. Other evidence adduced tended to prove that the accused got money from liquor law violators on sundry occasions during a period of several months, beginning about 20 days after the date of the conversation deposed to. The evidence adduced to support some of the charges made was without conflict so far as it tended to prove the receipt by the accused of money from liquor law violators, but was conflicting as to the purpose or intent of the accused in taking the money; the evidence for the prosecution tending to prove that the money was paid to and accepted by the accused as a bribe to influence his official conduct, and evidence in behalf of the accused tending to prove that his acceptance of the money was unaccompanied by any criminal intent on his part.

The criminality of the act of the accused in receiving money from a law violator was dependent on the accused having the intent to be influenced thereby in his official conduct. Proof of the fact that, not long before the accused accepted the money, he had deliberately planned to accept bribes to influence his official conduct, furnishes support for an inference that what he did was in pursuance of his previously formed plan or design, and was accompanied by the intent required to make his act criminal. It seems to us plain that the evidence in question was competent. People v. Duffy, 212 N. Y. 57, 105 N. E. 839, L. R. A. 1915B, 103, Ann. Cas. 1915D, 176; Cook v. Moore, 11 Cush. (Mass.) 213; Price v. State, 107 Ala. 161, 18 So. 130; Barnes v. State, 88 Ala. 204, 7 So. 38, 16 Am. St. Rep. 48; Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; 16 Corpus Juris, 547.

[3] The accused was a witness in his own behalf. During his cross-examination he made a statement which was not responsive to any question asked him. Upon counsel for the government objecting to that statement, the court said to the witness: "Mr.

Harris, I will be compelled to fine you, if you don't heed my warning and not make voluntary statements." Upon the accused's counsel taking an exception to the court's action, the court stated: "All right, take an exception. Mr. Harris, I warn you, and I am not going to be lenient." The defendant excepted to the last-quoted statement. It was disclosed that, prior to the occurrence of the just-mentioned incident, the court had frequently instructed the accused to answer questions asked him, and not to make statements which were not responsive to questions asked, and that the accused had many times violated such instructions.

It is within the province of the court to control, within proper limits, the examination of witnesses, to give proper instructions to witnesses in reference to responding to questions asked, and, in the case of a violation of such instructions by a witness, though he is the defendant in a criminal case, to rebuke him for such misconduct, and to warn him of the consequences of his further continuing to disobey the court's orders. Patterson v. State, 191 Ala. 16, 67 So. 997, Ann. Cas. 1916C, 968; Odom v. State, 172 Ala. 383, 55 So. 820; State v. Hogg, 126 La. 1053, 53 So. 225, 29 L. R. A. (N. S.) 830, 21 Ann. Cas. 124; 16 Corpus Juris, 830. It is not made to appear that the incident in question involved an abuse of the large discretion vested in the court in the conduct of a trial.

We conclude that the record does not show any reversible error. The judgment is affirmed.