### CUCCHIA et al. v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. February 2, 1927.)

No. 4821.

**1. Criminal law ⟨⟩369(1)—Admission of evidence of similar but unconnected offense held error.**

Evidence of an independent offense, unconnected with that charged, though similar in character, is irrelevant, unless it also tends to support the offense charged, as where there is a question whether an act was done intentionally.

**2. Criminal law ⟨⟩1136—Erroneous admission of evidence, tending to discredit one defendant as witness, held also error as to his codefendant for whom he testified.**

Where defendants, tried jointly, both testified in corroboration of each other, erroneous admission of evidence against one, which tended to discredit him as a witness, was also error as against his codefendant.

In Error to the District Court of the United States for the Southern District of Texas; Wm. B. Sheppard, Judge.

Criminal prosecution by the United States against Tony Cucchia and Mike Megna. Judgment of conviction, and defendants bring error. Reversed.

Elmo Johnson and Chas. G. Dibrell, both of Galveston, Tex., for plaintiffs in error.

H. M. Holden, U. S. Atty., of Houston, Tex. (R. F. Wiseheart and Howell Ward, Asst. U. S. Attys., both of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Cucchia and Megna were convicted, under section 39 of

the Criminal Code,[1] of offering and giving a bribe to two prohibition agents, with intent to induce those agents not to prosecute Cucchia for a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.).

The evidence discloses without conflict that Cucchia was released from jail, where he was being held for a violation of the National Prohibition Act, upon Megna's promise to deposit, and the subsequent deposit by both defendants, acting in concert, in the hands of two prohibition agents of the sum of $1,000. The prohibition agents testified that the money was paid as a bribe, and that they accepted it for the purpose of making a case against the defendants.

On the other hand, the defendants testified that the money was put up as a cash bond. On cross-examination, each defendant admitted that he was familiar with the procedure followed in the giving of bail bonds; nevertheless, in rebuttal, a United States commissioner was permitted to testify, over objection, to facts indicating that he was offered a bribe by Cucchia to accept a bond for some unidentified person on a previous occasion, which was wholly independent of and unconnected with this case. The trial court charged the jury that evidence of an offer to bribe the commissioner, which alleged offer he mistakenly attributed to the defendant Megna, was relevant to show the probability of an offer to bribe the prohibition agents.

In our opinion the court committed prejudicial error, both in its ruling on the objection to the commissioner's testimony and in its charge to the jury.

[1] Evidence that tends to prove the offense charged in the indictment is relevant, although it also tends to prove an offense not included therein; but proof of an independent offense, unconnected with that charged in the indictment, though similar in character, is irrelevant, unless it also has a tendency to support the crime so charged. 16 C. J. 586; State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69.

Where the question at issue is whether an act was intentionally or accidentally done, evidence that the accused had intentionally committed similar acts is relevant; but where the nature of the act is such that it could not have been done accidentally, but only intentionally, evidence of similar acts should not be received. 16 C. J. 589; 8 R. C. L. 206. Criminal intent is necessarily included in the unlawful act of bribery, for that crime cannot by any possibility be committed innocently or by accident. In Harris v. United States (C.

[1] Comp. St. § 10203.

C. A.) 8 F.(2d) 841, relied on by the government, the question was whether a statement by the defendant that related to the particular facts of the case then on trial was admissible, and the question here involved was not presented or considered. The clear-cut issue presented by the evidence in this case was whether the money, which admittedly was delivered by the defendants to the prohibition agents, was given as a bribe or was put up as a cash bond.

[2] Defendants did not claim accident or mistake. The charge of the court did not limit the commissioner's testimony to the question of criminal intent, but authorized the jury to consider proof of bribery of the commissioner as proof of bribery of the prohibition agents. The error in the ruling on the evidence was clearly prejudicial to Cucchia, and should not have been admitted even as against Megna, because the defendants were acting in concert, and they corroborated each other in their testimony. The discrediting of Cucchia as a witness weakened Megna's defense. Besides the erroneous assumption in the charge that Megna was the one who attempted to bribe the commissioner was allowed to be used as the basis of an inference against that defendant, and was calculated to confuse the jury.

The judgment is reversed, and the cause remanded for a new trial.