**JOHNSON v. STATE.**

6 Div. 71.

Court of Appeals of Alabama.

Jan. 9, 1944.

Rehearing Denied Feb. 13, 1945.

Reversed on Mandate May 8, 1945.

102

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

Foster, Rice, Madison & Rosenfeld, of Tuscaloosa, for appellant.

· CARR, Judge.

Appellant was indicted for assault with intent to murder and was convicted of assault and battery.

■■■ At the time the case was set for trial in the circuit court, appellant, with counsel, appeared and, before entering upon the trial, moved for a continuance of the case on the grounds: (1) The court had not provided by written direction to the clerk for the holding of this term of court. (2) Neither the defendant nor his attorney had been notified by personal service or by mail of the date of holding the special session of the court. (3) The cause was not entered on the trial docket twenty days prior to the date it was set for trial. The lower court overruled the motion. On the hearing of the motion, the clerk of the circuit court testified: "The minutes of the court is written and is recorded in the State Minute Book ordering this court to be held which, of course, the judge orders the ses-

sion set and I in turn write the minutes with his signature to it." In the case at bar this was a substantial compliance with Title 13, § 115, Code 1940.

According to the record in this case the appellant was tried at regular session of the Circuit Court of Tuscaloosa County. Title 13, § 116, Code 1940, has no application.

■■ Title 7, § 249, Code 1940, does not apply to the instant case. Title 15, § 316, provides in pertinent part: "It is the duty of the clerk of the circuit court to set for trial all criminal cases in his court * * *." The only statutory prohibition, that we are able to find, as to the time a person shall be tried after an indictment has been returned is in Title 15, § 317, in which it is stipulated: "No person shall be tried on an indictment presented by the grand jury until at least one entire day after the case has been placed upon the trial docket of the court, except with the consent of the defendant." Smith v. State, 20 Ala.App. 442, 102 So. 733.

■ Of course, it is well recognized that whether or not a defendant shall be put to trial on the day set is addressed to the sound discretion of the trial court on application for a continuance, but this is beside the point, as we understand the insistence here.

Undisputedly, appellant shot a soldier. The situs of the alleged difficulty was at or near the place of business of the former. Soon after the affray the officers went to the scene. They found, according to their testimony, appellant intoxicated and considerably bruised about the face and head. Defendant voluntarily stated to the officers that "there were some soldiers down at his place and that they had attacked him and beat up his family and he shot one of them."

■ The solicitor developed in the testimony of one of the officers that appellant made another and different statement at a later time but during the occasion of the visit. Against objections the witness was permitted to answer that appellant said at the latter time, "he had an altercation with his son-in-law and that his son-in-law had beat him up and that is where the wounds that he showed came from."

Whatever view we may take of the materiality of this evidence, we would be forced to the conclusion that no injury inured to appellant by its introduction. Nei-

ther the defendant nor any other witness testified that the alleged injured soldier, or either of his companions, struck appellant. On the contrary, it was the admitted insistence of appellant, supported by the evidence of his daughter, that the injuries were received to appellant during an altercation with the son-in-law, prior to the appearance of the soldiers at the place. The weapon claimed to have been used by the son-in-law in the fight was introduced in evidence by the defendant and was transmitted to this court for our inspection. The questioned statement is in accord with this contention.

It appears from the evidence without controversy that the alleged injured soldier was accompanied to appellant's place of business by two other soldier companions, one of whom was an eye witness to the difficulty— the basis of the instant charge. The other soldier had taken too often and too much of intoxicants and had been assisted to a taxicab standing nearby. Apparently, after he had been rendered this aid, he knew very little about what was happening. If he did, he failed to tell the jury and court about it.

A few days after the night in question, the soldier who claimed to have stood near and observed the difficulty made a statement to the officers which was reduced to writing and signed by the relator. This document purported to contain an account of the circumstances of the encounter between the alleged injured soldier and appellant. As a witness for the defendant, the signer of the paper related an entirely different state of facts from many contained in his written statement. On cross examination he admitted giving an account of the affray to the officers and signing it after it had been written. The signed document was before the trial court, and against appellant's objections was admitted in evidence. The objections assigned are general with the exception: "No proper predicate has been laid." Clearly, the rule was observed in the introduction of the paper on the last ground assigned. There is no contrary insistence in brief of counsel. Dodd v. State, 26 Ala.App. 367, 160 So. 267.

It is, of course, understood that the paper could be introduced only for the purpose of impeachment. Porter v. Louisville & N. R. Co., 202 Ala. 139, 79 So. 605.

An examination of the written instrument discloses that it contains some parts that are not material to the factual issues in the case, and others are not in contradiction of the testimony of the witness on the main trial.

The rule required the objector to point out with definiteness the objectionable portions of the statement and not leave it to the trial judge to seek out and separate the admissible from the inadmissible. Patterson v. State, 191 Ala. 16, 67 So. 997, Ann. Cas.1916C, 968.

In Longmire v. State, 130 Ala. 66, 30 So. 413, 414, the Supreme Court stated: "The trial court cannot be put in error by its ruling on a general objection to an interrogatory which calls for evidence partly legal and partly illegal, any more than on a general objection to evidence which is legal in part and illegal in part, without specifying the illegal." See also, Western Union Tel. Co. v. Favish, 196 Ala. 4, 71 So. 183; Lester v. Jacobs, 212 Ala. 614, 103 So. 682.

There was no error in allowing the officer, Baughman, to answer the question: "State what his condition was about whether he was bruised up,—what his condition was?" The inquiry referred to the physical condition of appellant at the time the witness saw him at his place of business, as indicated in this opinion elsewhere. The answer was: "He was bruised up, yes, sir, down over his face pretty bad." Besides being permissible as a statement of collective fact, there was no controversy in the evidence about the inquiry. It was in direct accordance with appellant's contention as we have heretofore demonstrated.

In his closing argument to the jury the solicitor stated: "I have never tried a case where the law abiding, self-respecting citizens have got their attention aroused or their eyes on this Jury as they have in this case. They are calling on you men—." The trial court overruled objections to this statement.

It appears to us that this assertion was only the expression of the opinion of the solicitor and an effort on his part to impress the jury with the importance of its duty in relation to the public good. It comes under the influence of the holding in Bridges v. State, 26 Ala.App. 1, 152 So. 51.

We have treated in this opinion the matters of merit contended in the motion for a new trial.

A careful study of the record discloses that the primary court committed no error of harmful consequences to appellant, and

therefore the judgment of the court below is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Johnson v. State, 246 Ala. 630, 6 Div. 328, 22 So.2d 105.