22 So.2d 105

## MORRIS v. STATE.

4 Div. 850.

Court of Appeals of Alabama.
Jan. 16, 1945.

Rehearing Denied March 13, 1945.

Carnley & Carnley, of Elba, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Code 1940, Title 14, § 399, reads, pertinently, as follows: "Any person who has carnal knowledge of any girl over twelve and under sixteen years of age * * *

shall, on conviction, be punished at the discretion of the jury, by imprisonment in the penitentiary for not less than two nor more than ten years. This section, however, shall not apply to boys under sixteen years of age."

It was charged in the indictment under which he was tried, convicted, and sentenced to serve imprisonment in the penitentiary for a term of two years, that appellant "did carnally know * * * Ina Pearl Fortune, a girl over twelve and under sixteen years of age."

The undisputed testimony was that appellant was sixteen years of age at the time of the alleged transgression; and that Ina Pearl Fortune was fifteen—a sort of border-line case, as it were. But ita lex scripta est.

Practically everything but the fact of the actual intercourse was undisputed in the case.

The learned trial judge, in his oral charge to the jury, stated succinctly the issue before them. He said: "Now it is the State's contention in this case the defendant did have intercourse with Ina Pearl Fortune at the time and place testified about. It is the defendant's contention that he did not have intercourse with her there at that time and place, or at any other time, and that is the issue for the jury's determination and no other body of men can discharge that duty except a jury."

Perhaps we ought to say that appellant admitted that he, with a companion—the companion driving—took Ina Pearl Fortune and another young girl out in appellant's car on a Sunday night; Ina Pearl sitting on the back seat of the two door Ford sedan with appellant; and the other girl with appellant's companion sitting on the front seat.

There was some dispute in the testimony as to where appellant and the others had set out to go; but the crux of the matter was that the girls both testified they were despoiled, deflowered, and disgraced by the two young men—pertinently, here, they stating that appellant had intercourse with Ina Pearl on the back seat of the car, while the other young couple indulged in sexual intercourse on the front seat of same—the car all the while being parked at a lonely spot on a lonely road.

We cannot improve on the trial court's statement of the issue involved, which we have quoted hereinabove.

Able counsel for appellant have filed here an appealing argument. But it is one which we think more properly should have been addressed to the jury trying the case—as no doubt it was.

There is really not much for us to say.

We will remark that the State put on as one of its witnesses Mr. J. N. Livings, who testified that he was a deputy sheriff of the county; that he remembered the occasion of the alleged occurrence giving rise to the prosecution; that he saw appellant later on the night of same; that appellant made a statement to him about it; and that appellant was not threatened, or otherwise improperly induced to make said statement.

In answer to the Solicitor's question: "What was the statement he made to you, Mr. Livings," the witness answered: "He asked me what we wanted him for, and I told him that there was some charges made against him for fooling with those girls, and he asked me 'what girls?' And I told him, and I asked him, 'Did you have anything to do with those girls?' And he said 'yes, but I didn't take it.'"

Whereupon, appellant's counsel said: "We move to *exclude his testimony*." (Italics supplied by us.)

To the action of the court in overruling this motion, defendant (appellant), through his counsel, reserved an exception.

But we do not think error is shown.

Regardless of whether or not the answer of the witness Livings, as set out above, was admissible testimony, it is at once apparent that the motion, as made, to *exclude his testimony* was properly overruled. A *part* of his testimony was *unquestionably* admissible. And the motion, to have a *semblance* of merit, must have *identified* the part thought to be objectionable. See Johnson v. State, post, p. 101, 22 So.2d 102.

We find no error upon which we would be justified in ordering a reversal of the judgment appealed from. And it must be affirmed.

It is so ordered.

Affirmed.