**Acie HAMILTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Lucille Tate WAKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 25467, 25468.**

United States Court of Appeals Fifth Circuit.

April 1, 1969.

John S. Tucker, Jr., Birmingham, Ala., for appellants.

R. Macey Taylor, J. Richmond Pearson, Asst. U. S. Attys., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

THORNBERRY, Circuit Judge:

Appellants Lucille Waker and Acie Hamilton, both residents of Etowah County, Alabama, were convicted by a jury of violating 26 U.S.C. § 5205(a) (2). More specifically, they were each convicted of selling eight one-gallon jugs of moonshine whiskey. The Government's only witness was an agent for the Treasury Department named McGinnis. He testified that on March 29, 1967 he went to the home of Lucille Waker concealed in the trunk of an automobile driven by a man named White. Mr. White went to the house and purchased eight one-gallon jugs of moonshine from Mrs. Waker for $72 which had been furnished by McGinnis. The agent was able to observe the transaction some distance away by means of a crude periscope which he had run from inside the trunk through the radio grill into the back seat of the automobile.

On March 31, White and McGinnis repeated the same procedure. Using the periscope, the agent saw White buy eight gallons of moonshine from Acie Hamilton for $72. Mrs. Waker was on hand to oversee the transaction. The prosecution was based entirely on testimony by McGinnis as to what he observed on March 29 and March 31. No physical evidence was introduced. Mrs. Waker and Mr. Hamilton both took the stand and categorically denied selling any whiskey to Mr. White at any time. They acknowledged having seen him at Mrs. Waker's house some time in March.

One of the contentions advanced by counsel for appellants—the one to which he devoted the least space in his brief and the U.S. Attorney none at all—persuades us to reverse for a new trial.[1] After Mrs. Waker had taken the stand and denied ever selling any whiskey to Mr. White, the prosecutor brought up a prior conviction on cross-examination:

Q. I will ask you if in 1965, in Etowah County, Alabama, if you weren't convicted of violating the prohibition law and fined $100.

Mr. Floyd: We object; incompetent, irrelevant and immaterial; it is not a crime involving moral turpitude.

---

1. The remaining specifications of error pertain to certain questions asked of Mrs. Waker by the trial judge and a portion of his charge to the jury. Since neither the questioning nor the charge is likely to recur in exactly the same form upon retrial, we find it unnecessary to comment on either.

Mr. Weaver: It is a crime involving the present crime.

The Court: It is a prior similar offense admitted to the jury not for the purpose of proving the guilt or innocence of the defendant in this case; but for the purpose of the jury, at the proper time, and I will so instruct them at the proper time, that they may consider it in considering the intent.

There was further discussion as to the nature of the prior offense with the trial judge finally instructing the jury to assume that it was for possession of taxpaid whiskey in a dry county as opposed to possession of moonshine. Mrs. Waker testified that she pled guilty and was fined $100 for possession of beer in a dry county. In his charge, the trial judge again reminded the jury that the prior offense was relevant only insofar as it might demonstrate that the particular act under consideration was done intentionally and not as a result of mistake, inadvertence, or other innocent reason.[2]

■ Absent a requirement of showing system or intent, evidence of offenses not charged in the indictment is not only inadmissible but prejudicial if admitted. Helton v. United States, 5th Cir. 1955, 221 F.2d 338, 340. But where the prior offense bears sufficient similarity to the one under inquiry and is not too remote in point of time, it is admissible as evidence on the issue of the intent with which an act was done *where intent, as such, is a critical ingredient of the offense charged.* Lindsey v. United States, 5th Cir. 1955, 227 F.2d 113, 117.[3] The Courts

recognize that a jury is likely to reach a guilty verdict for the wrong reason, *i. e.,* by concluding from the evidence of a prior conviction that the defendant is guilty because he has a criminal disposition and is given to unlawful acts, unless their attention is properly focused on the matter of intent in a case where intent is a critical issue. For example, in a case where the question is whether something was done intentionally or accidentally, a prior similar offense might be admissible to show a greater likelihood of criminal intent. *See* Weiss v. United States, *supra,* 122 F.2d at 682. In the instant case, on the other hand, it is fairly obvious that intent, as such, was not an issue. There is great danger, enough to call for a new trial, that the jury, being unable to focus on a non-existent issue, might have taken the prior conviction as evidence that Mrs. Waker committed the crime because she was given to violating the liquor laws.

■■ In Baker v. United States, 5th Cir. 1955, 227 F.2d 376, which followed McClain v. United States, 5th Cir. 1955, 224 F.2d 522, this Court held the admission of prior convictions under the internal revenue liquor laws to be reversible error in a case involving the possession of untaxed liquor on the ground that intent is not an element of the offense. These cases demonstrate that intent could not possibly be considered a critical ingredient of the charge against Mrs. Waker for selling untaxed liquor: The only issue was whether she and Acie Hamilton sold moonshine to Mr. White. If the transactions occurred, defendants were guilty;

2. Neither the trial judge nor the prosecutor suggested that the prior offense might be admissible for impeachment. The probable explanation is that the prior offense was a misdemeanor and therefore not admissible for such purpose. See Daniel v. United States, 5th Cir. 1959, 268 F.2d 849, 852 and Steele v. United States, 5th Cir. 1957, 243 F.2d 712, 714 holding that only felonies and misdemeanors involving moral turpitude are admissible for impeachment of a defendant who takes the stand. At any rate,

the trial judge twice admonished the jury to consider the prior conviction only to the extent that it might demonstrate criminal intent. This was the purpose for which the evidence was admitted.

3. *See also* Burt v. United States, 5th Cir. 1943, 139 F.2d 73, 75; Boyer v. United States, 1942, 76 U.S.App.D.C. 397, 132 F.2d 12, 13; Weiss v. United States, 5th Cir. 1941, 120 F.2d 472, on motion for hearing, 122 F.2d 675, 682–689.

if they did not occur, they were not guilty. As Judge Rives stated in a case involving automobile theft:

> We think that there could have been no real question of Trice's criminal motive if, in fact, he changed the numbers on the stolen automobiles. Proof of the commission of the act carried with it the evident implication of a criminal intent. In such instances, evidence of the perpetration of other like offenses is not needed to establish criminal motive or intent and is not admissible for such purpose.

Fallen v. United States, 5th Cir. 1955, 220 F.2d 946, 948; see also special concurrence by Judge Rives in Baker v. United States, 227 F.2d at 378. Similarly, there could have been no question of Mrs. Waker's motive if, in fact, she sold the moonshine. Therefore, evidence of the prior offense was unnecessary and inadmissible. Her conviction must be reversed for a new trial.

■ While the improper admission of prejudicial evidence would not at first blush seem to affect Acie Hamilton's case, we have come to the conclusion that he is also entitled to a new trial. The cases against the two defendants went hand-in-hand. Though Mrs. Waker was alleged to have made the March 29 sale and Hamilton the March 31 sale, both sales were alleged to have taken place at the Waker home and both defendants were identified as being present at the March 31 sale. They both testified and corroborated each other by admitting they had seen Mr. White at the Waker home some time in March but denying they ever sold him any whiskey. With the Government's evidence tying the defendants together and their defenses tying together, the jury could have believed both defendants or disbelieved them both, but it is almost inconceivable that they would have believed one and not the other. Since their cases were to rise and fall as one, the damage done to Mrs. Waker's credibility by the inadmissible evidence must have had an adverse effect on Hamilton's chances for acquittal. Put another way, once the jury decided Mrs. Waker was lying, they would have reached the same conclusion as to Hamilton as a matter of course because he was identified by the same Government witness and he gave the same testimony as his co-defendant. Thus, if the decision that Mrs. Waker had lied was influenced by the prior conviction, then the decision that Hamilton had lied was equally tainted. The chance that the prior conviction directly influenced the verdict as to Mrs. Waker and indirectly influenced the verdict as to her co-defendant is great enough to require a new trial for both.

In Cucchia v. United States, 5th Cir. 1927, 17 F.2d 86, this Court faced the same question of whether a prior unlawful act erroneously admitted as to one defendant could have affected the verdict as to his co-defendant.[4] Cucchia and Megna had been convicted of bribing a prohibition agent and prior unlawful conduct had been erroneously admitted as to Cucchia. The Court ordered a new trial for both defendants. As author of the opinion, Judge Bryan had this to say:

> The error in the ruling on the evidence was clearly prejudicial as to Cucchia, and should not have been admitted even as against Megna, because the defendants were acting in concert, and they corroborated each other in their testimony. The discrediting of Cucchia as a witness weakened Megna's defense.

17 F.2d at 87. It is our conclusion that the discrediting of Mrs. Waker as a witness by improper evidence weakened Hamilton's defense.

Reversed and remanded.

---

4. See, 24A C.J.S. Criminal Law § 1841 and cases cited under fn. 38.