**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Robert CURTIS, Marvin Eugene Gann, and Charles Hershall Ray, Defendants-Appellants.**

**No. 20108.**

United States Court of Appeals, Sixth Circuit.

Aug. 31, 1970.

**1160**

B. B. Guthrie (Court Appointed), Chattanooga, Tenn., for appellants.

George H. Garrett, Chattanooga, Tenn. (John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before CELEBREZZE, PECK, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

James Robert Curtis, Marvin Eugene Gann, and Charles Hershall Ray were found guilty by a jury of violating the federal alcohol tax laws. Each defendant was sentenced to one one-year and four three-year terms of imprisonment, to be served concurrently. On appeal they assert numerous claims of error, only a few of which require extended consideration.

All three defendants were apprehended while operating an illegal still in Marion County, Tennessee, in the early morning hours of November 3, 1968. For some time before the raid, appellant Curtis had been acting as a paid informer for the Treasury Department's Alcohol, Tobacco and Firearms Division. He testified at trial that he was acting in that capacity pursuant to the instructions of an Agent Langford at the time of his arrest. Agent Langford, testifying for the Government, stated that Curtis was never authorized to participate in the operation of the still in question.

This conflicting testimony presented questions of fact whether Curtis was acting—or believed that he was acting—as an authorized agent of the Government at the time of the raid. On appeal he claims that if he had been acting under such a belief, he could not be found guilty, because he would have lacked the criminal intent, *mens rea,* necessary for guilt. With that proposition, we have no dispute. *See* United States v. Summerour, 279 F.Supp. 407, 412 (E.D.Mich.1968); *cf.* Hamilton v. United States, 409 F.2d 928 (5th Cir. 1969). Although the alcohol tax statutes are generally framed in terms which do not expressly require criminal intent as an element of the offense, a person who commits the prohibited acts cannot

be held criminally liable if he is acting under the belief that in doing so he is cooperating with federal law enforcement officers.

 Appellant Curtis claims that the District Judge's instructions to the jury denied him this defense. We disagree. The instructions included the following language (emphasis added):

In other words, *specific intent* to commit the act charged in the respective counts of the indictment *is one of the essential elements of the offense.*

A person who knowingly does an act which the law forbids, or which knowingly fails to do an act which the law requires to be done *intending with bad purpose either to disobey or disregard the law* may be found to have acted with specific intent.

Of course, an act or a failure to act is done knowingly if it's done voluntarily and done intentionally, and *not because of a mistake or accident or some other innocent reason.*

Under this instruction, the jury could have acquitted Curtis if it had concluded that he had acted in the belief that he was fulfilling his duties as an informer for the Government, since in such case he would not have been acting "with bad purpose * * * to disobey * * * the law", but "because of a mistake * * * or some other innocent reason". The jury's verdict must be viewed as indicating that it resolved this factual conflict against appellant Curtis. Appellant's counsel made no request for a more specific instruction relating the legal issue more closely to the facts of the case. Accordingly, the District Judge's failure to give such an instruction is not cause for reversal. Fed.R. Crim.P. 30. We see no reason to disturb Curtis' conviction on this ground.

The primary defense asserted by all three defendants was entrapment. Curtis testified that he was ordered by Agent Langford to entice appellants Gann and Ray into violating the alcohol tax laws. Curtis further testified that they had no inclination to do so, and that he was able to interest them in constructing and operating the still only after repeated efforts. Curtis also contends that he was, in effect, entrapped into committing the offense by Agent Langford's orders. His testimony was contradicted by Langford, and the jury resolved this factual issue against appellants.

 Appellants also claim that the District Court's instruction on entrapment was prejudicially erroneous. That instruction reads, in pertinent part:

Unlawful entrapment involves the manufacture of crime by law enforcement officers for the purpose of procuring the prosecution of an otherwise innocent person * * *.

Thus, where a person has no previous intent, or no previous purpose to violate the law, but he is induced or persuaded by a law enforcement officer to commit the crime, he is the victim of an unlawful entrapment with respect to that particular crime, and the law as a matter of policy forbids his conviction in such a case * * *.

If you find with respect to any defendant in this case that the design or purpose to violate the Internal Revenue Laws of the United States in regard to the manufacture or possession of non-tax paid whiskey as charged in the various counts of the indictment originated with some federal law enforcement officer, and that such federal law enforcement officer implanted into the mind of an otherwise innocent defendant the purpose or the disposition to commit the alleged offense in order that he might be prosecuted, and that a defendant thus committed the offense charged as a result of such inducement or persuasion on the part of the Government agent, or if you have a reasonable doubt about these matters, then as

to such defendant as to whom you so find, or as to whom you have reasonable doubt, the law does not permit a conviction to be had, and your verdict should be that of not guilty as to that defendant, or as to those defendants.

■ This charge is a correct statement of federal law. *See, e. g.,* Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219, 224 (1962). The verdict indicates that the jury did not credit Curtis' testimony and found, beyond a reasonable doubt, that Agent Langford had not induced Curtis to be present at the Marion County still or to induce Gann and Ray to operate the still. Again, we see no reason why the verdict should not stand.

■ Appellants also challenge the legality of the search and seizure which occurred at the time of the arrest. The District Judge held a separate hearing on their motion to suppress evidence, and ruled that the search and seizure was conducted within the limitations imposed by the Fourth Amendment. The District Judge found that the arresting officers had probable cause to approach the still site without a warrant; that they detected the smell of hot mash from the highway, approximately 200 yards away; that the still was in a shed which was open on one side and was not separated from the highway by a fence; and that the shed in no way constituted a dwelling place or anyone's curtilage. The officers saw, as well as smelled, the still before they entered the shed. These findings had evidentiary support, and the conclusions of law of the District Court were not erroneous.

An examination of the briefs and record convinces us that the other contentions raised by appellants are too insubstantial to require further discussion. The judgments of conviction are affirmed.