AFTER REMAND FROM THE ALABAMA SUPREME COURT
 I
Based on the decision of the Alabama Supreme Court inTomlin v. State, 601 So.2d 124 (Ala. 1991), we conclude that the appellant "knowingly and intelligently" waived his right to counsel.
 II
The appellant argues that the trial court erred by admitting evidence of the victim's hospital records, because they were not properly authenticated and because they contained inadmissible hearsay. Hospital records may be admitted at trial and are regarded as especially trustworthy in Alabama.Pickett v. State, 456 So.2d 330 (Ala.Cr.App. 1982), affirmed,Pickett v. Bowen, 798 F.2d 1385 (11th Cir. 1986). See §§12-21-5 through 12-21-7, Code of Alabama 1975. The record indicates that the victim's hospital records were certified and that the State's expert testified that the *Page 131 
records were made and kept in the regular course of business and were made at the time of the actions documented. Therefore the proper predicate was laid for their admission. Smoot v.State, 520 So.2d 182, 186 (Ala.Cr.App. 1987).
As to the appellant's argument that the hospital records contained inadmissible hearsay, this argument is waived for purposes of appeal. The record indicates that the defense counsel objected to the hospital records on the grounds that they "contained hearsay," without specifying the part of the reports which were allegedly inadmissible. Dr. Byron, the State's expert who had examined the victim and made the part of the hospital reports containing the victim's allegations, had previously testified that the reports also contained laboratory data and some documentation from the caseworker who had been assigned to the victim. In Pickett v. State, supra, at 334, this court held that:
 " 'When a party objects to a document as a unit that contains admissible as well as inadmissible matter, the trial court is justified in overruling the objection.' Smith v. State, 354 So.2d 1167, 1172 (Ala.Cr.App. 1977), cert. denied, 354 So.2d 1172 (Ala. 1978). A defendant cannot complain on appeal of the admission of a written statement over his general objection where some parts of the document were admissible. It is not for the trial court to separate the admissible from the inadmissible. Shorter v. State, 63 Ala. 129 (1879); Johnson v. State, 32 Ala. App. 101, 104, 22 So.2d 102, reversed on other grounds, 246 Ala. 630, 22 So.2d 105 (1945). The objection should separate the good from the bad, Brown v. State, 40 Ala. App. 226, 112 So.2d 500, cert. stricken, 269 Ala. 180, 112 So.2d 504 (1959); Haney v. State, 20 Ala. App. 236, 101 So. 533, cert. denied, Ex parte Haney, 211 Ala. 614, 101 So. 537 (1924); Patterson v. State, 8 Ala. App. 420, 62 So. 1023 (1913)."
Therefore, because the appellant did not specify those portions of the report that were objectionable, this matter is waived on appeal.
 III
The appellant argues that the trial court erred in allowing a social worker who testified for the State to conduct a portion of the direct examination of the victim. This matter is not preserved for review. The record indicates that when the prosecutor began referring to the victim's previous description of what had happened, which she made with the use of anatomically correct dolls, the State asked that the social worker be allowed "to bring the dolls over in front of the jury and allow this witness to come down so the jury might better see." The trial court allowed the request and the defense counsel objected stating, "Judge, we would like to interpose an objection to the demonstration." That was the only objection made by the appellant prior to the social worker's examination of the victim, using the dolls. The appellant subsequently objected to the social worker's questioning of the victim in a motion to exclude the evidence, which was made after the State had rested its case.
The trial court properly overruled the appellant's objection to the demonstration.
 "In any criminal proceeding in juvenile cases wherein the defendant is alleged to have had unlawful sexual contact or penetration with or on a child, the court shall permit the use of anatomically correct dolls or mannequins to assist an alleged victim or witness who is under the age of 10 in testifying on direct and cross-examination at trial, or in a videotaped deposition as provided in this article."
Section 15-25-5, Code of Alabama 1975. The victim in the present case was seven years old at the time of trial. Therefore, the anatomically correct dolls could be used during her testimony.
Moreover, a motion to exclude evidence does not preserve the issue of error and admissibility of evidence when no timely objection was made when the evidence was admitted. SeeWaddle v. State, 473 So.2d 580, 581-82 (Ala.Cr.App. 1985), and *Page 132 
cases cited therein. Therefore, this matter was not preserved for purposes of appeal.
AFFIRMED.
All Judges concur.