Donald D. Hairgrove appeals his convictions for first degree burglary and first degree robbery, and his subsequent sentence to life imprisonment without parole. Before his jury trial, Hairgrove waived his right to counsel and proceeded pro se. Hairgrove raises several issues on appeal. We reverse the trial court's judgment on the grounds that Hairgrove was not adequately informed of his rights regarding his waiver of the right to counsel. We need not address Hairgrove's additional arguments at this time.
A defendant's right to self-representation is guaranteed by the Sixth Amendment. Faretta v. California, 422 U.S. 806,95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In Faretta, the Supreme Court held as follows:
 "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. Johnson v. Zerbst 304 U.S. [458], 464-465, 58 S.Ct. [1019], 1023, [82 L.Ed. 1461, 1466 (1938)]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323, 92 L.Ed. 309 [(1948)] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. [269], 279, 63 S.Ct. [236], 242, [87 L.Ed. 268, 275 (1942)]."
Id., at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581-582. Rule 6.1(b), Ala.R.Crim.P., echoes the above requirements for a valid waiver, and adds that "[a]t the time of accepting a defendant's waiver of the right to counsel, the court shall
inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings." (Emphasis added.) See also Rule 6.1(c), Ala.R.Crim.P.
In this case, the trial court conducted a pretrial hearing on Hairgrove's motion to *Page 947 
proceed pro se. At that hearing, the trial court determined that Hairgrove's waiver of his right to counsel was knowing, intelligent, and voluntary. The trial court appointed an attorney, Donald Doer, Jr., to advise Hairgrove during trial. However, the trial court failed to inform Hairgrove that he could, at any stage of the proceeding, withdraw the waiver of his right to counsel. Nothing in the record indicates that Hairgrove understood that he could withdraw his waiver at any time.
During trial, Hairgrove asked the trial court to allow Doerr to participate more actively in the trial, stating as follows:
 "MR. HAIRGROVE: I was wondering, can my counsel also ask questions after I get through? I don't understand a lot of the aspects of law. And although I'm just here to establish the facts, I'm not here to establish the law. I don't particularly understand the law, but I understand the facts. . . ."
The trial court denied Hairgrove's request, stating, in part:
 "THE COURT: Well, you're not being — this isn't a question of joint representation. I conducted a hearing. You said that you wanted to represent yourself. And after talking with you about it, I was of the opinion that you understood what you were doing, and based on my conversations with you and reviewing some of the pleadings that you had filed on your behalf, I was of the opinion that you were certainly capable of representing yourself, and I have advised Mr. Doer to advise you."
At no point during this colloquy did the trial court inform Hairgrove that he may withdraw his waiver of his right to counsel. On the contrary, this colloquy seems more likely to lead Hairgrove to erroneously conclude that once waived, the right to counsel may not be invoked. Nowhere in the record does it indicate that Hairgrove was told that he could withdraw his waiver of his right to counsel, and nothing in the record indicates that he was, in fact, aware that he could do so. The language of Rule 6.1(b), as quoted above, is clear and mandatory. The trial court failed to apprise Hairgrove that he had a right to withdraw his waiver of his right to counsel at any time during the proceeding. Accordingly, the judgment must be reversed, and the case remanded to afford Hairgrove a new trial.
REVERSED AND REMANDED.
All Judges concur.