680 So.2d 947 (1996)
Ex parte Donald HAIRGROVE.
(Re Donald D. Hairgrove v. State).
Ex parte State of Alabama.
(Re Donald D. HAIRGROVE v. STATE).
1950734, 1950735.
Supreme Court of Alabama.
July 12, 1996.
James G. Curenton, Jr., Fairhope, for defendant.
Jeff Sessions, Atty. Gen., and Joseph G. L. Marston III, Asst. Atty. Gen., for the State.
Prior report: Ala.Cr.App., 680 So.2d 946.
KENNEDY, Justice.
1950734WRIT DENIED. NO OPINION.
MADDOX, ALMON, HOUSTON, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and SHORES, J., dissent.
*948 1950735WRIT DENIED. NO OPINION.
ALMON, HOUSTON, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX and SHORES, JJ., dissent.
MADDOX, Justice (concurring in 1950734; dissenting in 1950735).
I concur in denying the defendant's petition for certiorari review, but I would grant the State's petition and review the judgment of the Court of Criminal Appeals. That court reversed the defendant's conviction on the ground that the trial court had failed to properly inform the defendant about his right, at any stage of the proceedings, to withdraw his voluntary waiver of counsel. Rule 6.1(b), Ala.R.Crim.P.[1]
The State, as authorized by Rule 39(k), Ala.R.App.P., presented to the Court of Criminal Appeals a statement of additional facts relating to the waiver-of-counsel question, and it forcefully argues that the learned trial judge did not err. Based upon my review of the State's certiorari petition, the statement of additional facts presented in the State's Rule 39(k) petition, and the transcript of the colloquy between the trial court and Hairgrove, it appears to me that Hairgrove did not ask the court to withdraw his waiver of counsel, but rather insisted that the trial court grant him joint representation, that is, to require appointed counsel to serve as his co-counsel. A lawyer appointed by the trial court to advise Hairgrove asked to be allowed to withdraw as counsel and, in connection with his request to withdraw, filed an affidavit in which he said, "It is clear to counsel that Defendant intends to make a circus of his criminal prosecution ... and then pursue counsel for ineffective assistance." (R. 17).
I would grant the State's petition for certiorari review and consider what appears to me to be a case of first impression: Can a defendant who has knowingly and intelligently elected to represent himself or herself require the trial court to appoint a lawyer to act as co-counsel? I believe that the judgment of the Court of Criminal Appeals is wrong; therefore, I must respectfully dissent to the denial of certiorari review in this case.
HOOPER, C.J., concurs.
NOTES
[1] The Court of Criminal Appeals stated, "At no point during this colloquy did the trial court inform Hairgrove that he [could] withdraw his waiver of his right to counsel." Hairgrove v. State, 680 So.2d 946, 947 (Ala.Crim.App.1995).