The appellant, Myra Black Farid, was found guilty in a jury trial of trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. She was sentenced to 15 years in prison. The appellant, who represented herself at trial, argues that the trial court erred in not advising her that she could withdraw her waiver of the right to counsel at any time during the proceedings, pursuant to Rule 6.1(b), Ala. R.Crim. P. We agree.
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala.), aff'd. on return to remand, 601 So.2d 130 (Ala.Cr.App. 1991). In Rule 6.1(b), Ala. R.Crim. P., the Alabama Supreme Court added to the protection afforded a criminal defendant under Faretta, by further requiring that the trial court inform every defendant who waives his or her right to counsel that the defendant may withdraw this waiver and demand counsel at any stage in the proceedings. Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part, as follows:
 "(b) Waiver of right to counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. . . ."
(Emphasis supplied). Further, the Committee Comments to Rule 6.1(b), Ala. R.Crim. P., state, "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver."
On May 16, 1997, the appellant's retained attorney moved to withdraw from further representation of the appellant. On June 30, 1997, the appellant informed appointed counsel that she wished to represent herself and requested that he withdraw as her counsel of record. After conducting a hearing, the trial court granted counsel's motion to withdraw and the appellant's request to proceed pro se.
However, the record does not show that the trial court advised the appellant that she had the right to withdraw any waiver of the right to counsel that she might make. As we stated inHairgrove v. State, 680 So.2d 946, 947
(Ala.Cr.App. 1995), cert. denied, 680 So.2d 947 (Ala. 1996), the language of Rule 6.1(b), Ala. R.Crim. P., "is clear and mandatory." Therefore, we must reverse on this issue. Because we are reversing the judgment on *Page 1000 
the basis of this issue, we need not address the remaining issues raised by the appellant.
Accordingly, we reverse the trial court's judgment and remand this case for a new trial. Should the appellant decide to waive counsel on remand, the trial court shall comply with the requirements of Faretta and Rule 6.1(b), Ala. R.Crim. P.
REVERSED AND REMANDED.
All judges concur.