LONG, Presiding Judge.
The appellant, Carl Timothy Williams, was convicted of burglary in the third degree, a violation of § 13A-7-7, Ala.Code 1975; he was sentenced, upon application of the Habitual Felony Offender Act, to 15 years’ imprisonment.
On appeal, Williams, who waived his right to counsel and represented himself at trial, contends that the trial court did not inform him, pursuant to Rule 6.1(b), Ala. R.Crim.P., that he could withdraw his *550 waiver of the right to counsel at any time during the proceedings.
Rule 6.1, Ala.R.Crim.P., provides, in pertinent part:
“(b) Waiver of the right to counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdraim and counsel appointed or retained at any stage of the proceedings.”
(Emphasis added.) In Hairgrove v. State, 680 So.2d 946, 947 (Ala.Cr.App.1995), cert. denied, 680 So.2d 947 (Ala.1996), this court stated that the language of Rule 6.1(b) “is clear and mandatory” in requiring that the trial court must advise the defendant that he has the right to withdraw any waiver of the right to counsel at any time during the proceedings. See also Farid v. State, 720 So.2d 998, 999 (Ala.Cr.App.1998).
Before his jury trial, Williams moved the trial court to dismiss his appointed counsel and to allow him to proceed pro se. After a hearing on Williams’s motion, the trial court allowed Williams’s appointed counsel to withdraw and granted Williams’s request to proceed pro se. The record does not show that the trial court advised Williams that he had a right to withdraw his waiver of the right to counsel. Therefore, we must reverse the trial court’s judgment and remand this case for a new trial. We note that if Williams decides to waive his right to counsel at his new trial, the trial court shall comply with the requirements of Rule 6.1(b), Ala.R.Crim.P.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.