I disagree with the majority opinion, which holds that there is no right to counsel in a misdemeanor case when a trial court imposes a sentence of imprisonment and then suspends that sentence or places the defendant on probation. The majority states that "extending all the protections afforded defendants facing felony charges to those misdemeanor defendants who are not in danger of being incarcerated would be a huge leap from the current state of the law in Alabama." However, a defendant whose sentence has been suspended or probated is in danger of being incarcerated because the court retains the authority to revoke a suspended or probated sentence and to reinstate the remaining term of imprisonment. Therefore, I maintain the position I advanced in my dissent in Benson v. City of Sheffield, 737 So.2d 1059 (Ala.Cr.App. 1999), that a defendant facing a suspended or probated sentence is entitled to counsel. Because I believe that the appellant had a right to counsel and because the record does not reflect that the trial court advised the appellant of his right to withdraw his waiver of counsel, I believe this case should be remanded for a new trial. See Farid v. State, 720 So.2d 998,999 (Ala.Cr.App. 1998). Therefore, I must respectfully dissent.