James Lorenza King appeals from his convictions for rape in the first degree and for sodomy in the first degree, see §13A-6-61(1) and § 13A-6-63(1), Ala. Code 1975. The trial court sentenced King, as an habitual offender, to life imprisonment without parole for each conviction. This appeal follows.
King argues that the trial court erred when it denied him the assistance of counsel during his trial. Specifically, King argues that when he waived his right to counsel several months before the trial began, the trial judge failed to comply with Rule 6.1, Ala.R.Crim.P., by failing to inform him that he had a right to withdraw his waiver of his right to counsel at any time during the proceeding. The State acknowledges that it appears from the record that King was not fully advised of his rights regarding self-representation and of his right to withdraw a waiver of counsel. The State asks that we remand this case to the trial court for that court to determine whether a hearing was held on King's request to waive his right to counsel and for the trial court to provide a complete record on any colloquy that occurred between the trial court and King regarding King's waiver of counsel.
The record reflects that King had a long history of self-representation in this case. In 1982, King, pursuant to a plea agreement, pleaded guilty to second-degree rape and second-degree sodomy, arising from these same charges. In 1995, King, acting pro se, filed a Rule 32, Ala.R.App.P., petition, challenging the trial court's jurisdiction to accept the guilty pleas. After the trial court denied the petition, King, still acting pro se, appealed the trial court's decision to this court. This court reversed *Page 1188 
the trial court's decision and remanded the case to the trial court for a new trial. King v. State, 689 So.2d 931 (Ala.Cr.App. 1997).
The record reflects that, in preparation for a retrial, King retained, and quickly released, two defense counsel. On September 3, 1998, King filed the following waiver of his right to counsel:
 "Waiver of Right to Counsel — A.R.Crim.P. Rule 6.1(B)
 "Comes now defendant in pro se [in] the above styled cause and states the following: Defendant chooses to represent himself in hopes that Judge Garrett will order discovery provided, see Exhibit (A). Judge Garrett has made it clear that discovery will only be provided to my attorney; I am my attorney! I do not wish for [a] continuance. I want the scheduled trial for 10-19-98 to go forward. Respectfully: James L. King, Pro-se."
(C. 69.) Exhibit A was a discovery request King filed on the same day he filed the waiver. On the face of Exhibit A were "yes" and "no" notations written beside the individual paragraphs which appear to be discovery rulings recorded by the trial judge.
The case action summary indicates that the trial judge ordered a status "review" of the case at 9:00 a.m. on September 14, 1998, but there is no indication that King actually met with the trial judge on that day. On October 29, 1998, the trial judge noted on the case action summary: "Motion filed by defendant to represent himself is hereby granted." (C. 150.) It appears that the defendant was notified of that action on November 4, 1998. Between that date and the trial date — March 1, 1999 — King filed numerous motions, acting pro se. On the morning of trial, King filed and argued a motion requesting the trial judge to recuse himself. After the trial judge denied the motion and denied King's request for a continuance to appeal the decision, the following colloquy took place:
 "KING: Okay. And, again, Your Honor, just what I mentioned earlier about Ex parte Crawford, [686 So.2d 196 (Ala. 1996)] this was a United States Supreme Court case. And I'm wondering how does the Court just ignore that? I'm talking about when I explained to you earlier that it's not the Court's discretion. I'm talking about the —
 "THE COURT: What are you talking about [that] I've ignored?
 "KING: When I presented my motion to recuse you today.
 "THE COURT: Well, I've overruled it. I didn't ignore it. I took it and I looked at it and I overruled it based on the merits of your motion. I didn't ignore it. I ruled on it and I overruled it.
 "KING: Okay. I'm not talking about that. That's what — I was expecting you to overrule it. But I'm saying that, once you denied my motion to recuse, it's the claiming party's option to either defer to after trial to spare embarrassment and expenses, or to have a review on mandamus. That's the point.
 "THE COURT: That's up to you and the appellate courts, because we're going to try this case now. And that's one of the things that you undertake when you fire your attorney. Then you've got to represent yourself, and that's what you're doing. So, that's up to you, Mr. King.
 "KING: But, Your Honor, I'm wondering if you — is all of this designed to make me recant my representation and ask the Court for counsel?
 "THE COURT: No. It's fine with me that you represent yourself. But I'm telling you that you're going to be bound *Page 1189 
under the same rules of criminal procedure as anyone else.
 "KING: Well, let me ask you this at this time: Suppose I was just to give up my rights to be my counsel and request counsel?
 "THE COURT: Well, I'm not going to do that now, because we're at the point of the trial [where] we've gone to go get jurors. And I'm not going to let you get a continuance by doing that now. I've been through that before, and I know how that works. You have elected to try your case yourself. That decision was made a long time ago. You did it knowingly. And now we're going to go to trial. Now, I'm not going to — if you want to play games with the Court, then you can play them with the appellate courts and play your — if you've got tricks you want to play, you can play it on them. But we're going to go to trial on this. And I can let you take it up with the appellate courts. Maybe I can get one of them to come down here and try this case. But this case is going to be tried. We're going to start trying it today. We're going to strike a jury today.
 "You wanted to try the case yourself, so that's what we're doing. You had very competent attorneys to represent you. You didn't like them. You fired them. And now, you are representing yourself. Apparently, you did a pretty good job because you got this case reversed by the Court of Criminal Appeals. So you've got their ear, anyway.
 "KING: Like I say, I have no problem with myself. I'm just wondering if the Court — has the Court purposely designed it, because I want to — I'm going to defend myself in this matter?
"THE COURT: All right.
 "KING: But I'm just wondering if this is what the Court is trying to get me to do, because it seems like I've just received no help throughout this.
 "THE COURT: Let me say this; I would much prefer to be dealing with an attorney than dealing with you, Mr. King, because an attorney would know more of what they're doing. But you exercised your right to represent yourself, so we're going to go forward with it now.
KING: Okay."
(R. 20-23.)
The record reflects that, after the jury was struck, the following occurred during King's opening statement:
 "KING: Well, I know that the Judge cautioned me about this proceeding, but I would like to go on the record as saying here at this time, before I convey to the jury what I expect the evidence to show — I labored with this some time last night — and at this time, I want to go on the record as saying that I want to assert my right to counsel.
 "THE COURT: Ladies and gentlemen, this is a matter that I took up with Mr. King some time ago. He has declined counsel. He has had counsel previously. He has terminated that counsel's representation; and now we are at the point where we're going to go forward with this trial. I told Mr. King about that yesterday and I'm not going to put both parties at a disadvantage by now continuing this case. Mr. King has made this decision to go forward, and we're going forward at this time.
 "KING: Okay. I just wanted to go on the record for that to assert my rights because of the prosecutor's unpredicted actions . . . yesterday. [The state nol prossed one of the three counts in the indictment; King had subpoenaed the victim named in that count as a defense witness and, apparently, the state was *Page 1190 
unable to locate that witness.] When I showed up she severed the charge. I wanted my witness."
(R. 108-09.)
King continued to represent himself throughout the remainder of the trial.
The issue of the trial court's obligations and duties when a defendant attempts to waive the right to counsel is not a new one, nor is the law in this area unsettled:
 "`In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must "knowingly" and "intelligently" waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted.)'
 "Tomlin v. State, 601 So.2d 124, 128 (Ala), aff'd on return to remand, 601 So.2d 130 (Ala.Cr.App. 1991). In Rule 6.1(b), Ala.R.Crim.P., the Alabama Supreme Court added to the protection afforded a criminal defendant under Faretta, by further requiring that the trial court inform every defendant who waives his or her right to counsel that the defendant may withdraw this waiver and demand counsel at any stage in the proceedings. Rule 6.1(b), Ala.R.Crim.P., provides, in pertinent part:
 "`(b) Waiver of right to counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. . . .'
 "(Emphasis supplied.) Further, the Committee Comments to Rule 6.1(b), Ala.R.Crim.P., state, `The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver.'"
Farid v. State, 720 So.2d 998, 999 (Ala.Cr.App. 1998). The language of Rule 6.1(b), Ala.R.Crim.P. is "clear and mandatory." Hairgrove v. State, 680 So.2d 946, 947 (Ala.Cr.App. 1995).
We agree with the State that is unclear from the record whether the trial judge fully complied with Rule 6.1(b), Ala.R.Crim.P., when he granted King's motion to waive his right to counsel. We cannot ascertain from the record what, if any, explanation of rights were afforded to King between the time he filed his waiver of counsel and the time the trial judge granted the waiver, more than a month later. From the record before us, it appears that King waived his right to counsel as a tactic to force the trial court to allow him personal pretrial discovery. King's decision to twice fire retained counsel and never retain or ask the court to appoint another counsel until the first day of trial, his preparation for trial, and his words and actions during the pretrial proceedings seem to indicate that King's intention and desire was to proceed to trial without the assistance of counsel. However, because the record is silent as to whether or how *Page 1191 
the trial court complied with Rule 6.1(b) at the time King filed his motion to waive counsel, this cause must be remanded to the circuit court. We remand in order to give the trial court an opportunity to clarify whether, at the time the trial court granted his motion to waive counsel, King was informed, pursuant to Rule 6.1(b), Ala.R.Crim.P., that his waiver could be withdrawn and that counsel could be appointed or retained at any stage of the proceedings. The court should also address whether the court made a finding that King's waiver of his right to counsel had been made knowingly, intelligently, and voluntarily. If necessary, the trial court may conduct a hearing. The return to this court shall include the written findings and a transcript of any proceedings in the circuit court. A return shall be filed with this court within 70 days of this opinion.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
* Note from the reporter of decision: On March 24, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 16, 2000, the Court of Criminal Appeals withdrew the memorandum of March 24, 2000, overruled the rehearing application, and affirmed, without opinion.