FRY, Judge.
On June 22, 1999, the appellant, Jason Merriott, pleaded guilty to theft of property in the second degree, a violation of § 13A-8-4, Ala.Code 1975. On July 28, 1999, the circuit court sentenced Merriott to four years’ imprisonment. Merriott’s sentence was suspended and he was placed on supervised probation for four years. A condition of his probation was that he serve six months of his four-year sentence in the Russell County Jail. At his sentencing hearing, Merriott moved to withdraw his guilty plea.[1] The circuit court denied Merriott’s motion. This appeal followed.
On appeal, Merriott, who waived his right to counsel and represented himself when he entered his plea, contends that the trial court did not inform him, pursuant to Rule 6.1(b), Ala.R.Crim.P., that he could withdraw his waiver- of the right to counsel at any time during the proceedings.
Rule 6.1, Ala.R.Crim.P., provides, in pertinent part:
“(b) Waiver of the right to counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.”
(Emphasis added.)
In Williams v. State, 739 So.2d 549, 550 (Ala.Cr.App.1999), we stated:
“In Hairgrove v. State, 680 So.2d 946, 947 (Ala.Cr.App.1995), cert. denied, 680 So.2d 947 (Ala.1996), this court stated that the language of Rule 6.1(b) ‘is clear and mandatory’ in requiring that the trial court must advise the defendant that he has the right to withdraw any waiver of the right to counsel at any time during the proceedings. See also Farid v. State, 720 So.2d 998, 999 (Ala.Cr.App.1998).”
Before Merriott entered his plea, the circuit court inquired as to why he had not retained counsel. Merriott indicated that financial problems had prevented him from retaining an attorney. Because the case had been pending for over two years, the circuit court gave Merriott the options of either waiving counsel or retaining counsel. Merriott waived counsel indicating that he wanted “to get it over with.” (R. 4.)
The record does not show that the trial court advised Merriott that he had a right to withdraw his waiver of the right to counsel at any time during the proceedings. Therefore, we must reverse the trial court’s judgment and remand this case for further proceedings. We note that if Mer-riott decides to waive his right to counsel at any future proceedings, the trial court *410 shall comply with the requirements of Rule 6.1(b), Ala.R.Crim.P.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. Although Merriott waived his right to counsel at the guilty plea proceedings, he was represented by counsel at sentencing.