BASCHAB, Judge.
After a bench trial, the appellant, Tammy Ray Cofield, was convicted of two *333 counts of first-degree rape, violations of § 13A-6-61(a)(l), Ala.Code 1975, and two counts of first-degree sodomy, violations of § 13A-6-63(a)(l), Ala.Code 1975. The trial court sentenced him to serve consecutive terms of 30 years in prison on each conviction. This appeal follows.
The appellant argues that the trial court erred in allowing him to represent himself at trial. Specifically, he contends that he did not knowingly and intelligently waive his right to be represented by counsel at trial.
“In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must ‘knowingly’ and ‘intelligently’ waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant ‘should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is doing and his choice is made with eyes open.” ’ Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted).”
Tomlin v. State, 601 So.2d 124, 128 (Ala.1991). Furthermore, Rule 6.1(b), Ala.R.Crim. P., provides, in pertinent part, as follows:
“A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.”
(Emphasis added.) Finally, the Committee Comments to Rule 6.1 state: “The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver.”
On October 20,1998, the appellant wrote a letter to the trial court stating that he had dismissed his appointed attorney and that he would be representing himself. After conducting a hearing, the trial court dismissed the appellant’s appointed attorney and granted the appellant’s request to proceed pro se. However, the trial court did not fully advise the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings. Accordingly, we must reverse the trial court’s judgment and remand this case for a new trial.[1] See Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998); Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App.1995), cert. denied, 680 So.2d 947 (Ala.1996). On remand, should the appellant decide to waive his right to be represented by counsel, the trial court shall comply with the requirements of Faretta and Rule 6.1(b), Ala. R.Crim. P.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. Because we must reverse the appellant's convictions on this ground, we need not address the remaining issues he raises on appeal.