BASCHAB, Judge,
dissenting.
I respectfully dissent. The record in this case does not indicate that the trial court ever advised the appellant about the dangers and disadvantages of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and that he had the right to withdraw his waiver of the right to counsel at any time during the proceedings, as required by Rule 6.1(b), Ala.R.Crim.P. Furthermore, I disagree with Judge Shaw’s conclusion that the trial court complied with the spirit of the rule by appointing advisory counsel to sit alongside the appellant during the trial. The mere appointment of advisory counsel is not equivalent to informing a defendant that he has the right to withdraw his waiver of counsel at any time during the proceedings. Accordingly, this court should reverse the trial court’s judgment and remand this case for’ a new trial. See Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998); Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App.1995), cert. denied, 680 So.2d 947 (Ala.1996).