I must respectfully dissent. On August 1, 2001, the appellant, who did not request indigency status, appeared without counsel, and the trial began with the appellant representing himself. However, the record does not indicate that the trial court ever specifically advised the appellant about the dangers and disadvantages of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562
(1975).
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will *Page 38 
establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991). In addition, the trial court did not advise the appellant that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, as required by Rule 6.1(b), Ala.R.Crim.P. Rule 6.1(b), Ala.R.Crim.P., states, in part: "If a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed." However, the previous paragraph of Rule 6.1(b), Ala.R.Crim.P., which does not distinguish between indigent and nonindigent defendants, provides, in pertinent part:
 "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Finally, the Committee Comments to Rule 6.1 state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver."
I recognize that the appellant does not raise this issue on appeal. However, the right to counsel is fundamental. Where a pro se defendant does not preserve the issue by objecting during the trial or does not raise the issue in his brief to this court, he does not waive appellate review of the issue. The uncounseled defendant probably would not know that he needed to object to preserve the issue for appellate review. Obviously, if the defendant has not been advised of the pitfalls of self-representation and then falls into one of those pits, it is incumbent on this court to provide a review.
Because the record in this case does not indicate that the trial court ever advised the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, we should reverse the trial court's judgment and remand this case for a new trial.See Farid v. State, 720 So.2d 998 (Ala.Crim.App. 1998); Hairgrove v.State, 680 So.2d 946 (Ala.Crim.App. 1995).