In this case, the trial court and the appellant discussed the fact that the appellant had indicated that he wanted to represent himself during the proceedings. However, the record in this case does not indicate that the trial court specifically advised the appellant about the dangers and disadvantages of self-representation, as required by Faretta v. California,422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and *Page 415 
his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991).
In addition, the record does not indicate that the trial court advised the appellant that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, as required by Rule 6.1(b), Ala. R.Crim. P.[6]
In fact, the trial court did just the opposite during the following exchange:
 "THE COURT: . . . Are you requesting this Court appoint an attorney?
"[THE APPELLANT]: Not at this time, Your Honor.
 "THE COURT: Well, there is not going to be another time."
(R. 18.)[7]
For these reasons, we should reverse the trial court's judgment and remand this case for a new trial. See Farid v. State,720 So.2d 998 (Ala.Crim.App. 1998); Hairgrove v. State,680 So.2d 946 (Ala.Crim.App. 1995).
[6] Rule 6.1(b), Ala. R.Crim. P., provides, in part:
 "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.)
[7] I would further note that it appears from the discussions the majority quotes that the trial court did not understand that it could appoint stand-by counsel to assist the appellant as he proceeded pro se. In this regard, Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part:
 "When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings."