I agree with the majority's conclusion that the appellant was deprived of her right to representation by counsel at trial. I also note that Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part:
 "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Also, the Committee Comments to Rule 6.1 state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver." The record does not show that the trial court advised the appellant that she had the right to withdraw any waiver of the right to counsel at any time during the proceedings. Therefore, I agree that we must reverse the appellant's conviction and remand this case for a new trial.See Farid v. State, 720 So.2d 998 (Ala.Crim.App. 1998);Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App. *Page 499 
1995). On remand, should the appellant, whether indigent or nonindigent, waive her right to be represented by counsel, the trial court should comply with the requirements ofFaretta and Rule 6.1(b), Ala.R.Crim. P. *Page 879