I respectfully dissent from the majority's unpublished memorandum affirming the appellant's conviction. The record indicates that the appellant proceeded to trial pro se.
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant *Page 781 
must `knowingly" and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991). Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part:
 "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Finally, the Committee Comments to Rule 6.1 state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver." The record in this case does not indicate that the trial court ever advised the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings. Therefore, this court should reverse the trial court's judgment and remand this case for a new trial. See Farid v. State, 720 So.2d 998
(Ala.Crim.App. 1998); Hairgrove v. State,680 So.2d 946 (Ala.Crim.App. 1995); Leonard v. State,484 So.2d 1185 (Ala.Crim.App. 1985).